### Chicago Union Traction Company v. Albert Giese.

#### Gen. No. 12,823.

1. INSTRUCTION—*as to credit to be given to witnesses. not improper.* An instruction as follows: "The jury are the sole judges of the credibility of the witnesses, and of the weight to be given to the testimony of each and all of them," *held*, in view of the other instructions given, not to absolve the jury from the duty to consider other instructions given to them on the subject of the credibility of witnesses.

2. INSTRUCTION—*as to measure of damages in action for personal injuries, approved.* An instruction upon this subject, as follows, is approved:

"If under the evidence and instructions of the court, the jury find the defendant guilty, then in estimating the plaintiff's damages, it will be proper for the jury to consider the effect of the injury in future upon the plaintiff, if any is ·shown by the evidence in this case; his ability to attend to his affairs generally, in pursuing any ordinary trade or calling, if the evidence shows these will be affected in the future; and also the bodily pain and suffering he sustained, if any, and all damages present and future, if any, which you believe from the evidence have resulted from or will be the necessary and direct result of the injury complained of."

3. MOTION FOR NEW TRIAL—*effect of omission of ground for from written.* Grounds not specified in a written motion for a new trial are waived.

4. MEDICAL EXPERT—*when opinions of, incompetent.* The opinions of a medical expert who made his examination long after the accident in question are incompetent where predicated in part upon subjective symptoms.

5. INCOMPETENT EVIDENCE—*when admission of, will not reverse.* A reversal will not follow the admission of incompetent evidence where no harm appears to have resulted.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Affirmed. Opinion filed December 28, 1906.

**Statement by the Court.** In this case the plaintiff recovered a judgment in the Circuit Court for $2,000 against the defendant in an action on the case to recover damages for personal injury.

The declaration contains three counts. The first two counts, after alleging due care, etc., on the part of the plaintiff, avers that defendant by its servants carelessly, improperly and negligently drove and managed a train consisting of two coaches, so that the rear car struck the wagon of plaintiff in which he was riding, whereby he received the injuries complained of.

The third count avers that the negligence of the defendant was in driving a train of cars at so high a rate of speed that the rear car necessarily and

unavoidably left the track, and through the negligence of the defendant by its servants the said car ran into and struck with great force the wagon of the plaintiff and thereby the plaintiff was injured.

The defendant pleaded the general issue.

The accident happened on May 7, 1902, in the afternoon between four and five o'clock, on Division street, in the city of Chicago, in front of the Division street barn of the defendant. The barn is on the south side of the street. The cars come out of the barn on a track curving to the east and leading into the southerly or east-bound track of the two tracks on Division street. The northerly of the two tracks was used by west-bound cars. The plaintiff and his son were driving west on this track.. As they approached the barn, a train consisting of two cars was coming out of the barn on this curved track to enter the southerly of the two main tracks. The front car of the train passed plaintiff's vehicle safely, but the front wheels of the rear car left the track and the car collided with the plaintiff's wagon.

JOHN A. ROSE and ALBERT M. CROSS, for appellant; W. W. GURLEY, of counsel.

WICKETT, MEIER & BOOTH, for appellee; CLARK & CLARK, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

It is contended in behalf of appellant that the evidence for the plaintiff tends rather to prove a pure accident than to prove negligence, and therefore, the evidence fails to establish the essential fact of negligence, and no recovery can be had.

An examination of the evidence in the record reveals very little controversy in relation to the essential facts. It appears from the evidence that the track which was being used to take the cars out of

the barn and upon the main track was straight for a certain distance and then made a sharp curve into the southerly or east-bound track. The car left the track where it curved sharply into the main track and just before it reached the main track. It appears with sufficient certainty and clearness that the cars were proceeding around this sharp curve with such speed that the jury were warranted in finding that the motorman was running the cars recklessly and negligently, considering the curve, its location in a public street and the presence of the plaintiff at the point where he would be likely to be injured if a car should leave the track at the curve. The plaintiff's evidence tends to show that the cars were going at such speed that they ran one hundred feet or more after the collision with plaintiff's wagon, although the conductor immediately gave the signal to stop. The motorman did not see the plaintiff until after the accident.

From the evidence the jury were warranted, we think, in finding the defendant guilty of the negligence averred in the declaration. The court, therefore, did not err in refusing the peremptory instruction requested by the defendant.

Appellant assigns error upon the giving of the following instruction on the request of the plaintiff: "The jury are the sole judges of the credibility of the witnesses, and of the weight to be given to the testimony of each and all of them." The ground of objection urged is that the instruction absolved the jury from all duty to consider instructions given to them on the subject of the credibility of the witnesses.

The fifth, sixth and seventh instructions given on the request of appellant were as follows:

"5. While the jury are the judges of the credibility of the witnesses, they have no right to disregard the testimony of an unimpeached witness sworn on behalf of the defendant, simply because

such witness was or is an employe of the defendant, but it is the duty of the jury to receive the testimony of such witness in the light of all the evidence the same as they would receive the testimony of any other witness, and to determine the credibility of such employe by the same principles and tests by which they determine the credibility of any other witness.

"6. While the law permits the plaintiff in the case to testify in his own behalf, nevertheless the jury have the right in weighing his evidence, to determine how much credence is to be given to it, and to take into consideration that he is the plaintiff and interested in the result of the suit.

"7. It is a principle of law that if you believe, from the evidence, that any witness has wilfully and knowingly sworn falsely to any material element in the case, or that any witness has wilfully and knowingly exaggerated any material fact or circumstance for the purpose of deceiving, misleading or imposing upon the jury, then the jury have a right to reject the entire testimony of such witness unless corroborated by other evidence which you believe, or by facts and circumstances appearing in the case."

Reading these instructions together as one charge to the jury we do not think the jury would receive the impression that they were absolved from all duty to consider other instructions given to them on the subject of the credibility of the witnesses. We do not think, however, the instruction is to be condemned as erroneous. C. & A. Ry. Co. v. Fisher, 141 Ill. 625; I. C. R. R. Co. v. Smith, 111 Ill. App. 182.

Complaint is also made of the fourth instruction on the subject of damages given at the request of plaintiff. The instruction was as follows:

"If, under the evidence and instructions of the court, the jury find the defendant guilty, then in estimating the plaintiff's damages, it will be proper for the jury to consider the effect of the injury in future upon the plaintiff, if any is shown by the evidence in this case; his ability to attend to his affairs generally, in pursuing any ordinary trade or calling, if the evidence shows these will be affected in the fu-

ture; and also the bodily pain and suffering he sustained, if any, and all damages present and future, if any, which you believe from the evidence have resulted from or will be the necessary and direct result of the injury complained of.''

We perceive no valid objection to this instruction.

After the jurors had been examined, selected and accepted by both sides, the court said:

''I will state to the counsel that I expect now, so much time having been consumed in getting a jury here, that that time should be made up in the progress of this trial. I did not say anything when the jury was being impaneled but I do think that both sides have consumed unnecessary time in getting this jury. I don't wonder the jurors get tired of personal injury cases. But, I don't wish to say anything to prejudice anybody in the case. I want to impress counsel that I want this case to go along, and not to lag and tire out the jury and the court as well. You must not forget that there are other cases —the courts are two years and a half behind and there are other cases besides this.''

Appellant's counsel preserved an exception to these remarks of the court, and now assign error on them.

In the written motion for a new trial filed by appellant remarks of the court were not included in the numerous grounds for a new trial there specified. Not having been embraced in the grounds stated in support of the motion for a new trial the remarks of the trial judge cannot be considered on this appeal. Appellant is confined on this appeal to the reasons or grounds specified in its written motion for a new trial. All other grounds are waived. O. O. & F. R. V. R. R. Co. v. McMath, 91 Ill. 104, 111. We think, however, the remarks of the court were not erroneous.

Dr. Hardon was called for the plaintiff and testified that he made the first examination of plaintiff on September 5, 1902, about four months after the injury; that he did not prescribe for him on that oc-

casion, but requested him to come in again. On September 9th, four days later, he examined plaintiff again, and prescribed for him and requested him to call again. On September 30, 1902, he again examined plaintiff; and on October 30, 1902, he put plaintiff in a plaster jacket with the idea of resting his spine. On November 26, 1902, he removed the plaster jacket, and later he examined plaintiff on two or three occasions.

The examinations were made at the request of attorneys representing the plaintiff in order that he might inform them whether or not there was anything the matter with the plaintiff, so that they might determine whether they would take his case or not.

As a part of the examination Dr. Hardon took from plaintiff the history of the case as physicians usually do, including the injury and the effect of it, and that history as stated to him by the plaintiff, together with his examinations, was taken into consideration in forming his conclusion as to the conditions which he found to exist. The witness testified as to certain conditions which he found and the tests which he applied; many of the symptoms found were subjective and were capable of simulation, though the witness did not believe they were simulated. In response to a question calling for his opinion as to how long it would be before the plaintiff would finally recover, the witness replied, "I wouldn't want to say that he ever would recover." The witness also said that the physical conditions existing were the result of injury.

At the conclusion of the cross-examination of the witness in which was made to appear for the first time the basis of the conclusion and opinion of the witness, counsel for defendant made a motion to strike out the conclusions testified to by the witness because he took into consideration the history of the case as given him by the plaintiff. Counsel also made separate and specific motions to strike out all

of his testimony in regard to limitation of motion of the shoulder; limitation of power in the right hand; in regard to diminished ability of plaintiff to press with his right leg and foot; in regard to a loss of sense of touch; in regard to complaints of pain and inability of plaintiff to use his leg and arm; in regard to limitation of motion in the back bone, and in regard to the diminution or absence of reflexes.

The court struck out the statement of the witness concerning the plaintiff's manifestation of pain, and allowed the remainder of his testimony to stand. The ruling of the court is assigned for error.

We are compelled to hold that the testimony of this witness falls within the rule laid down in West Chicago St. R. R. Co. v. Carr, 170 Ill. 478; C. & E. I. R. R. Co. v. Donworth, 203 id. 192; and Stevens v. People, 215 Ill. 593; and that the testimony was incompetent and should have been excluded upon the grounds stated in those cases.

The testimony of Dr. Marcusson, called by the plaintiff, was of the same character, in part, and should have been excluded on the same grounds.

If, however, these physicians had been called by plaintiff to treat him and while they were examining him for the purpose of treatment and while he was being treated by them plaintiff had made statements to them describing his feelings and detailing the nature and location of his pains and sufferings, such statements would have been competent, and the opinions of the physicians necessarily formed and guided by the statements of the plaintiff would have been competent under the rule laid down in City of Salem v. Webster; 192 Ill. 369-371. In view of this consideration and considering the evidence and the amount of the verdict returned by the jury, we do not think that the defendant suffered any material injury from the erroneous admission of the testimony objected to, and in our opinion the judgment should not be reversed for that error.

The damages awarded by the jury are not excessive. Under the evidence the jury would have been warranted in awarding a larger amount. The injuries appear to be of a very serious character from which the plaintiff may never fully recover. We cannot set aside the verdict on that gound. The judgment is affirmed.

*Affirmed.*