Albert Giese, Plaintiff in Error, v. Chicago Union Traction Company, Defendant in Error.

### Gen. No. 16,846.

STREET RAILROADS—*running car at unusual speed on curve prima facie negligence.*  Where plaintiff was driving along a street and his wagon was struck by a car of the defendant street railway company which had jumped the track while coming around a sharp curve from a barn, and it appears from defendant's testimony that the car came around the curve at a speed of four miles an hour, while the customary speed of operating around the curve was two to three miles an hour, the operation of the car on a sharp curve so much faster than ordinarily operated thereon tends to prove negligence, the maxim of *res ipsa loquitur* applies, and unless such *prima facie* case is met by proof showing that the company was not at fault, a verdict finding defendant not guilty is manifestly against the evidence, and judgment thereon will be reversed.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed March 4, 1913.

HORTON, WICKETT, MILLER & MEIER, for plaintiff in error; ARTHUR L. BALLAS, of counsel.

JOHN A. ROSE and FRANK L. KRIETE, for defendant in error; W. W. GURLEY, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, brought suit against the defendant in error, hereinafter called defendant, to recover damages for personal injuries. The plaintiff recovered a judgment against the defendant for two thousand dollars, which judgment, on an appeal by the defendant, was affirmed and reported in 130 Ill. App. 608, and by the Supreme Court reversed for errors in the admission of evidence and remanded. Chicago Union Traction Co. v. Giese, 229 Ill. 260. On a retrial the jury found the defendant not guilty and the court entering judgment on the verdict, the plaintiff sued out this writ of error.

The plaintiff was driving along the street when the front trucks of a car owned and operated by the defendant, coming around the curve from one of defendant's barns, jumped the track and struck plaintiff's wagon, throwing him from the seat thereon and injuring him. For a more particular statement of the case we refer to the opinions in the reports above mentioned.

The plaintiff was driving on the street, where he had a right to so do, and we think there is no evidence tending to show him guilty of any negligence. The Supreme Court has held that under the circumstances of the case the maxim *res ipsa loquitur* applies and a verdict would be justified "unless such *prima facie* case

is met by proof showing that the company is not at fault.''

The plaintiff testified that the car came around the curve fast, in his opinion at the rate of fifteen miles an hour. The testimony for the defendant was that the car came around the curve at the rate of four miles an hour; that ''the customary speed of operating around that curve was two or three miles an hour; that at the place the car left the track, close to the main track, there was a very sharp curve—much sharper then the balance of the curve that leads out of the barn.'' The motorman and conductor examined the car and tracks after the accident. The motorman testified that the flanges of the wheels were intact, the rails were all right and there was no loose stone or obstruction in the track. The conductor testified that the flanges of the wheels were all right, that he did not know the cause of the car leaving the track, and when they got the car back on the track they continued their trip and also made other trips with the car in question. The testimony shows that as to the flange of the wheels, the rails and obstructions in the track, the defendant was guilty of no negligence. Whether a car is being operated at a too high rate of speed depends of course upon the circumstances. In the usual operation of a street car the speed of four miles an hour would be considered very slow, but under the circumstances in the case at bar that rate of speed was from one-third faster to twice as fast as a car was customarily operated over the curve in question. To operate a car on a sharp curve so much faster than a car was ordinarily operated thereon does not, in our opinion, prove ordinary care, but tends to prove negligence, and was, as it seems to us, under all the circumstances in evidence, the cause of the car jumping the track. The *prima facie* case made by the plaintiff was not met by proof showing the defendant was not at fault. On the contrary, instead of establishing a defense, it tends to support the plaintiff's case.

We conclude that the verdict was clearly and manifestly against the weight of the evidence, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*