## The Chicago Union Traction Company

*v.*

## Albert Giese.

*Opinion filed October 23, 1907.*

1. Negligence—*existence of a duty and a violation thereof are essential elements of negligence.* In an action for damages for the alleged negligence of the defendant, the plaintiff must show the existence of a duty owing from the defendant to the plaintiff, a breach of such duty by the defendant and the resulting injury.

2. Same—*doctrine of res ipsa loquitur stated.* When the thing which has caused an injury is shown to be under the management of the party charged with negligence, and the accident is such as in the ordinary course of affairs does not happen if those who have the management use proper care, the accident itself affords reasonable evidence, in the absence of any explanation, that it was caused by lack of proper care by the party charged with negligence.

3. Same—*an injury to person in street from street car jumping track is within maxim res ipsa loquitur.* An accident to a person rightfully on a public street which is caused by a street car suddenly leaving the track and striking him is within the maxim *res ipsa loquitur,* and proof of the fact of the accident and the injury, in the absence of any explanation by the defendant company, is *prima facie* sufficient to justify a recovery. (*C. & E. I. R. R. Co.* v. *Reilly,* 212 Ill. 506, distinguished.)

4. Evidence—*when opinions of physicians should be stricken.* Opinions of physicians with respect to the plaintiff's injuries, which are based, in whole or in part, upon declarations of the plaintiff, should be stricken out when the fact of their being so based is made to appear on cross-examination, where the physicians were not treating the plaintiff but were examining him for the purpose of reporting to his attorneys to enable them to determine upon taking the case or for the purpose of testifying as witnesses.

5. Same—*extent to which plaintiff's declarations as to his injuries are admissible.* Declarations by the plaintiff as to his injuries are self-serving, and inadmissible unless made as a part of the *res gestæ,* or to a physician during treatment, or upon an examination prior to and without reference to the bringing of any action for damages, unless the examination is made at the instance of the defendant, with a view to trial.

6. Appeals and Errors—*when alleged error in not striking out evidence is saved in motion for new trial.* A refusal by the court

to strike out evidence admitted without objection, upon a motion made after the objectionable character of the evidence is disclosed by cross-examination, is, in effect, a holding that the evidence is competent, and the alleged error is saved for review in the motion for new trial under the point that the court admitted, over defendant's objections, improper and incompetent evidence.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

This is an action by Albert Giese for a personal injury, against the Chicago Union Traction Company, in which a judgment against the street car company for $2000 has been affirmed by the Appellate Court for the First District.

The declaration consists of three counts, the first and second of which charge that the defendant, by its servants, carelessly, improperly and negligently drove and managed a train, consisting of two coaches, so that the rear car struck the wagon of the plaintiff in which he was riding and thereby he received the injuries complained of. The charge of negligence in these two counts is general. The third count charged that the defendant negligently drove a train of two cars at so high a rate of speed that the rear car necessarily and unavoidably left the track, and through the negligence of its servants the car struck the wagon of the plaintiff, thereby injuring him.

On May 7, 1902, the appellee and his son, a boy eleven years of age, were going west on Division street, in the city of Chicago, in a wagon drawn by one horse. Appellee was sitting on the north end of the seat and his son by his left side. Appellee was driving and his wagon was in the tracks of appellant used for its west-bound cars. There were tracks immediately south and parallel to the tracks upon which appellee was driving upon which appellant ran its east-bound cars. On the south, and almost immediately opposite the place where the injury occurred, appellant's car barns were

located, from which tracks ran north, connecting by a sharp curve with the tracks on Division street. A train, consisting of a motor car and a trailer, came out of the car barn, and while passing around the curve to reach the east-bound track the front wheels of the trailer left the track and collided with the wagon on which appellee was riding on the west-bound tracks. Appellee offered no evidence of any defect in the track or the construction of the car, and the only evidence relating to the management of the car is the statement by appellee that the car came around the curve "fast," and by appellee's son that the car was "coming out pretty fast."

The errors relied upon for a reversal are the overruling of appellant's motion to direct a verdict, the giving of erroneous instructions and the admission of incompetent and improper evidence.

JOHN A. ROSE, and ALBERT M. CROSS, (W. W. GURLEY, of counsel,) for appellant.

WICKETT, MEIER & BOOTH, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant insists that the court erred in refusing to direct a verdict because the evidence does not show that the derailment of the car was the result of its negligence. We do not find it necessary to decide whether the general statements of appellee and his son that the car in question was "coming fast" can be regarded as such evidence of a negligent rate of speed as to warrant the court in submitting that question to the jury. The first requisite in establishing negligence is to show the existence of some duty and its violation. Negligence consists in the violation of a duty owing by the party inflicting the injury to the person injured. Back of every instance of negligence must be found a duty to the individual complaining, an observance of which

would have avoided the injury. To state the principle in
other language, in every case involving actionable negli-
gence there must exist three essential elements: First, the
existence of a duty on the part of the person charged, to pro-
tect the complaining party from the injury received; second,
a failure to perform that duty; and third, an injury result-
ing from such failure. When these elements concur they
unitedly constitute actionable negligence, and the absence of
any of these elements renders the pleading bad or the evi-
dence insufficient, as the case may be. (2 Cooley on Torts,—
3d ed.—p. 1411, and cases cited.) Duties may be general
and owing to everybody, or particular and owing to a single
person only, by reason of his peculiar position. A general
duty becomes a personal and particular duty when some in-
dividual is placed in a position which gives him special oc-
casion to insist upon its performance. That the burden of
proving the existence of the duty, its breach and the result-
ing injury is on the complaining party, is so well settled in
the law of negligence that it requires no elaboration or ci-
tation of authority to sustain it. While this is true, there
is a class of cases which are made out by showing the in-
jury and connecting the defendant with it. When a thing
which has caused an injury is shown to be under the man-
agement of the party charged with negligence, and the ac-
cident is such as in the ordinary course of things does not
happen if those who have the management use proper care,
the accident itself affords reasonable evidence, in the ab-
sence of an explanation by the party charged, that it arose
from the want of proper care. This rule of law results
from the maxim *res ipsa loquitur.* Many cases are to be
found illustrating the application of this rule. In some of
them it is said that the rule is an exception to the general
rule that negligence will never be inferred, while in others
it is not treated as an exception but is treated as an evi-
dentiary rule, under which the charge of negligence is re-
garded as proven, *prima facie,* by proof of facts showing

that the thing which caused the injury was under the management and control of the defendant or his servants, and that the accident is such as in the ordinary course of things does not happen if those who have the management use proper care. (Webb's Pollock on Torts, p. 550.) The more accurate statement of the law is that negligence is never presumed, but that the circumstances surrounding a case where the maxim *res ipsa loquitur* applies amount to evidence from which the fact of negligence may be found. In the case before us, all of the elements of the accident were within the complete control of appellant, and the result is so far out of the usual course of things that there is no fair inference that it could have been produced by any other cause than negligence. Experience and observation teach us that with proper care street cars will remain on the tracks. If this were not true, municipalities would not license them to use public streets. If, with proper construction and management, street cars cannot be kept upon their tracks, then the safety of the public would require that they be done away with altogether. It is a matter of common knowledge, however, that it is possible, by the exercise of ordinary care, to so construct and operate these conveyances that they will not leave the tracks, and when they do so and inflict an injury upon another who is lawfully in the street and free from contributory negligence, we think that no hardship is imposed upon these corporations to hold that such an injury is within the maxim *res ipsa loquitur,* and that proof of the injury, under the circumstances stated, will justify a verdict unless such *prima facie* case is met by proof showing that the company is not at fault.

Appellant relies with much apparent confidence on *Chicago and Eastern Illinois Railroad Co.* v. *Reilly,* 212 Ill. 506, as an authority against the application of the doctrine of *res ipsa loquitur* to the case at bar. That case is clearly distinguishable from the case in hand. There the plaintiff was struck by a projecting piece of lumber on a passing freight

car while the plaintiff was standing at a street crossing. There was no proof as to when, how or where the car was loaded nor how long the timber had been projecting, and no proof that the defendant had notice of such condition. The freight car did not leave the track nor did the timber fall off the car against the party who was injured. This court held in that case that the condition of the projecting timber could be accounted for as readily on the hypothesis of pure accident and absence of negligence as upon the ground of negligence, and that negligence cannot be presumed where nothing is done out of the usual course of business, unless that course itself is improper. In the case at bar the derailment of the car was out of the usual course of business, and it would not have happened but for some act of negligence, either as to the condition of the car, track or management.

There was no error in refusing to direct a verdict in this case.

Appellant complains of the giving of instructions 3 and 4 for appellee. These instructions are not open to the criticism made upon them.

There is, however, an error in the ruling of the court as to the admission of evidence for which this judgment must be reversed. On the trial Drs. Hardon and Marcusson were examined, for appellee, as experts, as to the nature and extent of appellee's injuries. Their examination of appellee was not for the purpose of treating him, but to find whether there was any injury and the extent of it. One of them, Dr. Hardon, examined him for the purpose of reporting to the attorneys so that they could determine whether to take his case, and Dr. Marcusson for the purpose of testifying as a witness. These physicians obtained the history of appellee's case from him, and testified, basing their opinions partly upon their own observation and partly upon the statements of the case obtained from appellee. The fact that the physicians based their opinions partly upon the statements ob-

tained from appellee was brought out on the cross-examination of these witnesses by appellant, who thereupon moved to strike out such portions of their statements as appeared to be based, in whole or in part, upon information obtained from appellee's statements. This motion was overruled by the court except as to the ejaculations of pain testified to by Dr. Marcusson. In his examination Dr. Hardon said: "I was not called to treat the patient at the first examination. As part of the examination I took the history of this accident. I asked him the usual questions to determine his feelings, his pain and his ability to discharge business. In reaching the conclusions which I reached as to the condition I found and which I concluded existed, which I stated to the gentleman, I took into consideration the history as given me by the plaintiff and the subsequent course of the effect of that injury upon him, and took into consideration the injury, and the effect of it, as he gave it to me, together with the examination, each being a part of the other." This evidence was material and tended to corroborate appellee as to the character and extent of his injury. It has been held by this court that declarations made by an injured party to a physician, not with a view to treatment, are self-serving and inadmissible. (*West Chicago Street Railroad Co.* v. *Carr,* 170 Ill. 478.) In this case this court said (p. 483): "We think, however, the correct rule to be deduced from that laid down by Greenleaf, and most conducive to justice, is, that such declarations, being in favor of the party making them, are only competent when made as part of the *res gestæ,* or to a physician during treatment, or upon an examination prior to and without reference to the bringing of an action to recover damages for the injury complained of, unless the examination should be made at the instance of the defendant, with a view to the trial." A similar question was before this court in *Chicago and Eastern Illinois Railroad Co.* v. *Donworth,* 203 Ill. 192, where it was held that the statement by a physician testifying as

a witness for the plaintiff that the latter had lost his power
of hearing in his left ear should be excluded when such
testimony is not based upon a physician's actual knowledge
but upon the declarations of the plaintiff. (See, also, *Stevens* v. *People,* 215 Ill. 593; *City of Chicago* v. *McNally,*
227 id. 14.) If the statements of a party in his own interest
are improper, clearly an opinion based thereon, the value
of which depends on the truth of the statements, must for
the same reason be rejected, otherwise a party would have,
indirectly, the benefit of his self-serving statements which
the law will not allow him directly. Our conclusion is, that
when it developed that the opinions of these physicians were
based, in part, upon the statements made by appellee, the
court should have stricken out such portions of the evidence
of these physicians as were not based upon their own personal examination.

Appellee suggests that this point was not saved in the
motion for a new trial. One of the causes set up in the motion for a new trial is, that the court admitted, over the
objections of appellant, improper, incompetent and irrelevant testimony on behalf of appellee.

Appellee insists that the ruling of the court to which
exception was taken was the refusal to strike out the objectionable testimony, and not in admitting it in the first
instance. It is true that the objectionable testimony was
not objected to in the first instance, for the reason that its
objectionable character was not disclosed until the cross-examination, when appellant immediately moved to strike
it out. The ruling of the court in refusing to strike out
this evidence was, in effect, a holding that it was competent.
In our opinion the grounds set out in the motion for a new
trial were broad enough to include the exception preserved
on the motion to strike out.

For the error indicated the judgment is reversed and the
cause remanded to the circuit court of Cook county.

*Reversed and remanded.*