## Thomas H. Denman, Defendant in Error, v. Oscar Daniels Company, Plaintiff in Error.

### Gen. No. 14,283.

PERSONAL INJURIES—*when doctrine res ipsa loquitur applies.* The doctrine *res ipsa loquitur* applies in favor of one who is employed on the main floor of a building in course of erection who is injured by being struck by a falling beam which was under the control of the defendant who was not the master of the person so injured.

Tort. Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed January 8, 1909. Rehearing denied January 22, 1909.

**Statement by the Court.** In an action in the Municipal Court of the fourth class for a tort for personal injuries, plaintiff had judgment for $1000, to reverse which the defendant prosecutes this writ of error.

In the construction of a certain building the defendant corporation was the contractor for the steel frame; W. J. & W. P. O'Connor were the mason contractors and the plaintiff was employed by the O'Connors as a laborer. The defendant had put in place three or four stories of the steel frame and the mason contractor had built the brick wall above the top of the first story. Above the brick layers were the riveters in the service

of the defendant employed in riveting together the joints of the steel frames which had been put in place by the steel setters. Plaintiff was employed on the first or ground floor of the building unloading brick from a wagon for his employers. While so employed one end of a beam about 16 feet long fell and struck him on the head, inflicting the injuries complained of.

A. E. DENNIS and EDDY, HALEY & WETTEN for plaintiff in error; CHARLES H. PEGLER, of counsel.

EDWARD MAHER and H. E. WYNEKOOP, for defendant in error; MORSE IVES, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

The riveters in the service of the defendant were working above the servants of the mason contractors, and it was the duty of the defendant to use reasonable care to so carry on the work of riveting, and so handle the appliances used in such work, as not to injure the servants of the mason contractors employed in said building, and if the riveters of the defendant negligently permitted a beam used by them in their work to fall upon and injure the plaintiff when he was at work in said building for the mason contractors, the defendant is liable to him for such injury. If the beam was under the control of defendant's servants when it fell, its fall was so far out of the usual course of things as to make a case where the maxim *res ipsa loquitur* applies, where the circumstances surrounding the accident amount to evidence from which the fact of the negligence of the defendant may be found in the absence of explanation by the defendant. C. U. T. Co. v. Giese, 229 Ill. 260; Sheridan v. Foley, 58 N. J. L. 230; Dixon v. Pluns, 98 Calif. 384.

The defendant offered no evidence as to the facts or circumstances attending or preceding the fall of the beam. The question of the liability of the defendant

therefore turns on the question whether from the evidence the jury might properly find that the beam which fell was an appliance used by defendant's riveters in their work and under their control when it fell. The evidence is ample to show that the riveters were employed by the defendant; that they were at work near the top of the second story of the building; that they used beams to stand on while riveting, and there is no evidence tending to show that the bricklayers who had carried the wall a little above the top of the first story used, or had occasion to use, such a beam for any purpose. Louis Watts, who was on the first floor, testified that the riveters stood on the beams like a platform to rivet; that as they were lifting up that beam it happened to fall down; that one end of it struck plaintiff; that after the beam fell he saw one man standing at one end of the beam with a rope in his hand fastened to the beam and another man where the other end of the beam had been, with no rope in his hand; that a few minutes before the beam fell he saw the same two men each with a rope fastened to the end of the beam in his hand, pulling the beam towards them; that he saw those two men turning the planks around above his head. Jones, defendant's foreman, testified that just after plaintiff was hurt he saw a beam with one end on the floor; that a man had hold of a rope fastened to the upper end of the beam; that the man who had hold of the rope at the upper end of the beam was an Oscar Daniels man, a riveter, one of the steel men. Ragland testified that two men were putting up the beam; that one end of the beam fell and hit plaintiff; that he knew that the men who were putting up the beam were doing riveting on the steel work for the defendant.

We think that from the evidence the jury might properly find that the beam, at the time it fell, was under the control of the defendant, and that the verdict cannot be said to be against the evidence.

We cannot, upon the evidence in this case, say that the damages awarded the plaintiff are excessive.

We find no reversible error in the ruling of the court on questions of evidence or instructions.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*