(No. 12577.—Appellate Court reversed; circuit court affirmed.)
WILLIAM FELDMAN, Plaintiff in Error, *vs.* THE CHICAGO
RAILWAYS COMPANY *et al.* Defendants in Error.

*Opinion filed June 18, 1919—Rehearing denied October 9, 1919.*

1. NEGLIGENCE—*the relation of carrier and passenger continues while passenger on street railway makes transfer.* Where a passenger who is making a continuous journey on a street railway alights from a car for the purpose of making a transfer the relation of carrier and passenger continues while he is in the necessary act of making said transfer, and if he is injured through the negligence of the carrier while making the transfer the carrier is liable.

2. SAME—*one who has alighted from street car at end of journey ceases to be a passenger.* Where a passenger alights into the public street from a street car at the end of his journey he ceases to be a passenger.

3. SAME—*degree of care street car company must exercise over passenger making transfer.* The fact that the carrier would not be liable for an injury caused by a third person to a passenger making a transfer from one of the carrier's cars to another in a public street, where the carrier can exercise no control over his movements, does not change the relation of carrier and passenger during the transfer, and the carrier is bound to use the highest degree of care to avoid injury to the passenger through the negligence of its own servants or agencies while he is engaged in the necessary act of such transfer.

4. SAME—*statement of the doctrine of res ipsa loquitur.* Where a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of events will not happen if those who have the management use proper care, the accident itself affords reasonable evidence and constitutes a *prima facie* case of negligence, and the burden rests upon the defendant to overcome the presumption of negligence arising from the facts of the case.

5. SAME—*when the doctrine of res ipsa loquitur may be applied.* The allegations of negligence in a declaration by a plaintiff who was struck by a street car are sufficiently general to permit the application of the doctrine of *res ipsa loquitur* where they charge that the defendant so carelessly, negligently and improperly managed and operated the car that by reason thereof the car left the track and struck and collided with the plaintiff without fault or negligence on his part.

CARTWRIGHT, J., and DUNN, C. J., dissenting.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

STEIN, MAYER & STEIN, (SIGMUND W. DAVID, of counsel,) for plaintiff in error.

HARRY P. WEBER, GEORGE W. MILLER, and ARTHUR J. DONOVAN, (JOHN R. GUILLIAMS, and FRANKLIN B. HUSSEY, of counsel,) for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes to this court by *certiorari* to the Aplate Court for the First District, which court heard the cause on appeal and reversed the judgment of the circuit court of Cook county without remanding the cause.

The declaration filed consisted of four counts. The first count alleged that on February 26, 1915, the defendants, the Chicago Railways Company and others, were then and there the owners of and in possession, control and management of divers lines of street railways in Chicago, and had in their possession, use, control and management, for the purpose of operating the street railways, certain cars, machinery, power houses, tracks, switches and other devices and instrumentalities, and were engaged in the business of common carriers of passengers for hire; that on said date, at a point on the line of the street railway owned by the defendants on Cicero avenue, to-wit, at Harrison street, the plaintiff boarded one of the cars, paid his fare and received a transfer coupon for transfer at the intersection of Cicero avenue and Twelfth street; that by reason of the premises it then and there became the duty of defendants to use the highest degree of care to carry safely plaintiff in their cars to his place of destination and there deliver him uninjured,

and to that end and for that purpose to exercise and use the highest degree of care and caution in the control, operation, management and state of repair of their cars, wheels, tracks, brakes, trucks and switches, but·therein the defendants wholly failed; that after the car in which plaintiff had been riding as a passenger arrived at the intersection of Twelfth street and Cicero avenue, and while he was proceeding as such passenger from said car to the proper place near the southwest corner of Twelfth street and Cicero avenue, there to wait for a car east-bound on Twelfth street to proceed on his journey, and while he was in the exercise of due care and caution for his own safety and without fault or negligence on his part, he was struck by, run·into and over by the defendants, who then and there so carelessly, negligently and improperly managed and operated said electric car that by reason thereof the car then and there left the· track and struck and collided with and ran with great force and violence into and·upon the plaintiff, whereby he was then and there thrown with great force and violence upon the ground and was thereby greatly bruised, etc. Following the foregoing are allegations of injuries and damage.

The second count, after alleging ownership and control as in the first count and the duty of the defendants to exercise due care and caution in operating their cars so .as not to collide with or run into pedestrians then and there rightfully upon the public highway, charges that while the plaintiff was then and there standing upon and walking on Cicero avenue, going in a southeasterly direction at the intersection of said street with Twelfth street, in the public highway in Chicago, and while he was then and there in exercise of ordinary care and caution for his own safety, the defendants, through their servants in charge of one of said cars, so carelessly, negligently and improperly managed and operated the electric car that by reason thereof said

car then and there struck, collided with and ran with great force and violence against and upon the plaintiff, etc.

The third count alleges ownership, etc., as set forth in the first count, and that it was the duty of the defendants to keep said car and all the parts thereof, including the wheels, trucks, brakes and trolleys, in good and safe repair and condition, and to operate said car, and all parts thereof, with due skill, care and caution for the safety of others, yet defendants carelessly and negligently failed to keep said car in repair, so that the same did not work properly, and the defendants then and there so negligently, carelessly and improperly operated said car that by reason thereof and by reason of the premises the car collided with plaintiff.

The fourth count charges a defective track and that the switches and tracks were out of repair, and that by reason of the negligence of defendants in not keeping the same in repair, and the careless operation of the car, the plaintiff was injured.

To the four counts of the declaration the defendants in error filed the general issue, to which a replication was filed by the plaintiff in error.

It is conceded and admitted by the plaintiff in error and the defendants in error that there is no contradiction in the testimony relative to the facts and circumstances surrounding the happening of the accident in question. On the morning of the accident the plaintiff in error took the south-bound car of defendants in error on Cicero avenue, entering the same at Harrison street. His journey was to Douglas boulevard and Turner avenue, which necessitated his transfer to another car of defendants in error going east, at the corner of Twelfth street and Cicero avenue. Upon boarding the car he paid his fare and called for and received from the conductor in charge a transfer which would entitle him to a continuous ride by transferring at Twelfth street and Cicero avenue to Douglas boulevard and Turner avenue. The car upon which he was riding came

to a complete stop upon the north side of Twelfth street. At this point the north and south-bound tracks of defendants in error on Cicero avenue intersected their east and west tracks on Twelfth street. A switch extended from the west side of the south-bound track on Cicero avenue to the north side of the west-bound track on Twelfth street, connecting said tracks. The front trucks of the car passed south over the switch before the car stopped. The plaintiff in error thereupon left the car, alighting at the rear end thereof, and started toward the southwest corner of the intersection, which was the usual and customary place for passengers to wait for cars going east, one of which cars would take him to his journey's end. When he reached a point five or six feet west of the car and in the neighborhood of the north curb or crosswalk of Twelfth street the car from which he had alighted was started by the motorman, but instead of going south the rear end of the car suddenly swung around to the west, completely out of its course of travel, so that the end of the car almost touched the west curb of Cicero avenue, striking plaintiff in error and knocking him down. It is apparent from the evidence that after the front trucks had passed over the switch, for some reason not found in the evidence the switch had changed its position so as to guide the rear trucks onto the switch in a southwesterly direction, thereby throwing the car around, as above described, to such an extent that at the time of the injury to the plaintiff in error the car was in a position extending almost east and west. The plaintiff in error was removed to a hospital, where an examination disclosed a fracture of the clavicle or collar bone into three parts, one part of which (a little triangular piece) was directed downward and entirely out of line of the fractured ends. After being operated upon it was found that the plaintiff in error had developed an enlargement of the artery extending from the heart into the region of the collar bone.

The jury returned a verdict for the plaintiff in error in the sum of $5500. Motions for new trial and in arrest of judgment were overruled and an appeal was prayed and perfected to the Appellate Court for the First District by the defendants in error. The Appellate Court held as a matter of law that the plaintiff in error at the time of the accident was not a passenger of the defendants in error; that when the plaintiff in error alighted from the Cicero avenue car upon which he had been traveling the relation of passenger and carrier ceased. That court also held that the doctrine of *res ipsa loquitur* was not applicable under the pleadings in this case; that each count of the declaration alleged negligence in special and not in general terms; that the plaintiff in error had failed to support his cause of action with evidence of special negligence, as charged in the declaration; that the evidence in the record is not sufficient to support the third and fourth counts of the declaration. For those reasons the judgment was reversed and the cause remanded by the Appellate Court. The plaintiff in error thereupon stated by affidavit that he had relied upon the doctrine of *res ipsa loquitur* and would be unable to produce further evidence of special negligence upon the second trial. Thereupon the Appellate Court, upon motion, changed its original judgment, reversed the case without remanding and gave judgment of *nil capiat* in favor of the defendants in error, from which judgment the cause is brought to this court on writ of *certiorari*.

It is contended by the plaintiff in error that the judgment of the trial court was correct and should have been affirmed; that the plaintiff in error was at the time of the accident a passenger of the defendants in error; that if he was not such a passenger, such fact affects only the degree of care which it was the duty of defendants in error to exercise toward the plaintiff in error; that the pleadings and the facts in evidence bring this case within the doctrine of *res ipsa loquitur* under the first and second counts

of the declaration. It is contended by defendants in error that plaintiff in error was not a passenger at the time of the accident; that the doctrine of *res ipsa loquitur* cannot be invoked under the pleadings in this case; that the trial court committed reversible error by submitting the cause to the jury on the second, third and fourth counts of the declaration. Errors were also assigned on the ruling of the trial court as to instructions and admission of evidence.

The principal questions involved in this case are: First, was plaintiff in error a passenger at the time of the injury? If he was, defendants in error owed him the highest degree of care. If, on the other hand, he was not but was a pedestrian, defendants in error owed him but ordinary care. Second, does the doctrine of *res ipsa loquitur* apply in this case? It is not contended that that doctrine applies under the pleadings of the third and fourth counts, nor is it contended by plaintiff in error that the special negligence charged in the third and fourth counts has been sustained by the proof, therefore that question will be considered with its relation to the first and second counts of the declaration.

As we have seen, the first count charges that plaintiff in error was a passenger. While the decisions of the courts of the various States have not been uniform as to this rule, it has been before this court in earlier cases. In *Chicago City Railway Co. v. Carroll,* 206 Ill. 318, the appellee, Carroll, was a passenger on a street car of appellant. He took the car at Sixty-third street and Wentworth avenue and rode to Thirty-fifth street, where appellant had a line crossing the line on which appellee was riding. Appellee, upon reaching Thirty-fifth street, alighted from the Wentworth avenue car to go to the Thirty-fifth street car. The trolley pole from the Wentworth car, from which he had just alighted or was alighting, fell and struck him on the head and knocked him down. This court held that the appellee was a passenger on both lines of appellant while making a continuous journey to his destination. It is urged

that the court there based its decision on other grounds and that the only reference to the relation of carrier and passenger was incidental and not necessary to the decision; also that the court's treatment of the subject of the relation of carrier and passenger was based on the evidence in that case that appellee was just alighting from the car. A reading of the opinion in that case discloses that these contentions cannot be sustained. While there were other features in the case and while the relation of the parties was not discussed at length, the court in its opinion makes no distinction between circumstances where the person claiming to be a passenger is alighting or has alighted from the car, but holds that by reason of the fact that appellee was on a continuous journey the relation of carrier and passenger existed. Nor is it true that such holding was not necessary to the determination of the case. Instructions were given in that case based on the theory that appellee was a passenger, and the opinion sustains those instructions. We think it clear from the decision in that case that the doctrine is there laid down that where a passenger, in pursuance of a continuous journey, transfers from one car to another under circumstances such as shown in this record, the relation of carrier and passenger continues throughout the necessary acts of such transfer. To the same effect is *North Chicago Street Railroad Co.* v. *Kaspers,* 186 Ill. 246. In that case the appellee had alighted from one street car, had crossed over the street and was in the act of taking another car to which he was to transfer, when the same started up and threw him to the ground. It was there held that he was a passenger. In *Chicago and Alton Railroad Co.* v. *Winters,* 175 Ill. 293, the appellee was a passenger on a stock train. When that train stopped at one of its stations appellee was obliged to alight from the caboose in which he was riding in order to get into another caboose which was to be attached to a new train more than a block north of the point where the train on which he was riding had

stopped. When he alighted and was on his way to a lunch counter to get lunch and thereafter to take the other caboose he was struck by another train and injured. It does not appear that he was walking upon a platform or any part of the appellant's premises provided for passengers to alight from trains, but it was nevertheless held that the relation of carrier and passenger continued.

While the holdings of the courts of this country have not been uniform upon this question, notably those of Massachusetts and Tennessee holding that the relation of carrier and passenger ceases where one alights from a car in a public street for the purpose of transfer, (*Creamer* v. *West End Railway Co.* 166 Mass. 320; *Chattanooga Railway Co.* v. *Boddy,* 105 Tenn. 666;) we are of the opinion that the weight of authority in this country sustains the view that where, as here, a passenger who is making a continuous journey alights from a street car for the purpose of making a transfer, the relation of carrier and passenger continues while he is in the necessary act of making said transfer, and that if he be injured through the negligence of the carrier while making such transfer the carrier is liable. *Keator* v. *Scranton Traction Co.* 191 Pa. St. 102; *Wilson* v. *United Railway Co.* 167 Mich. 107; *Colorado Springs and Canon City Railway Co.* v. *Pettit,* 37 Colo. 326; *Whilt* v. *Public Service Corp.* 76 N. J. L. 729; 10 Corpus Juris, 630.

It is urged by defendants in error that plaintiff in error was no more a passenger than was another man named Burke, who had alighted from the front end of the car and was injured at the same time. This contention, however, overlooks the fact, as appears from the record, that Burke had finished his journey and had left the car. There is no doubt, under all the authorities, that where a passenger alights into the public street from a street car at the end of his journey he ceases to be a passenger. The distinction between Burke and plaintiff in error lies in the fact that the plaintiff in error was engaged in a continuous journey,

289 — 3

while Burke's journey, so far as the carrier was concerned, had ended. As was held in *Chicago City Railway Co.* v. *Carroll, supra,* the ticket of transfer itself was not what established the relation of carrier· and passenger, but was merely the evidence of the fact that plaintiff in error was engaged in a continuous journey. This fact affords the test whether or not plaintiff in error was a passenger, and while it is true that during such transfer the carrier could exercise no control over the movements of the passenger, so as to render the carrier liable in case of injury received from some other source·than the carrier, still that fact does not change the relation of carrier and passenger in the case of such transfer, nor lessen the degree of care which the carrier was bound to use to avoid injury to such passenger, through the negligence of its own servants or agencies, while such passenger is engaged in the necessary acts of such transfer.

The next question involved here is whether or not the doctrine of *res ipsa loquitur* applies. It is admitted by the plaintiff in error that it does not apply as to the third and fourth counts, in that they contain special charges of negligence, but it is earnestly urged by him that this doctrine does apply to the first and second counts. The doctrine of *res ipsa loquitur* may be stated thus: When a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in.the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from the want of proper care. (*Chicago Union Traction Co.* v. *Giese, 229* Ill. 260.) In the case just cited the first and second counts of the declaration charged that the defendant, by its servants, carelessly, improperly and negligently drove and managed a train consisting of two coaches so that the rear car struck the wagon of the plaintiff in which he was

riding and thereby he received the injury complained of. In those two counts the charges of negligence were held to be general and it was held that the doctrine of *res ipsa loquitur* applied. The same rule is laid down in *O'Callaghan* v. *Dellwood Park Co.* 242 Ill. 336. The charges of negligence in the first two counts in the case at bar are in substantially the same language as those in *Chicago Union Traction Co.* v. *Giese, supra.* It is charged by the first count that plaintiff, without fault or negligence on his part, was struck by and run into and over by defendants, who then and there so carelessly, negligently and improperly managed and operated said car that by reason thereof the car left the track and struck and collided with the plaintiff. The second count charges that the defendants so carelessly, negligently and improperly managed and operated the electric car that by reason thereof the car then and there collided, struck and ran against the plaintiff. The charges of negligence in these counts were general and the doctrine of *res ipsa loquitur* applies. The rule is that negligence is never presumed, but that the circumstances surrounding the case where the maxim of *res ipsa loquitur* applies, amount to evidence from which the facts of negligence may be found; that is, in a case within the maxim of *res ipsa loquitur*, proof of the circumstances of such case and of the injury constitutes a *prima facie* case of negligence, and will justify a verdict unless such *prima facie* case is overcome by proof showing that the party charged is not at fault. (*Chicago Union Traction Co.* v. *Giese, supra; Chicago Union Traction Co.* v. *Newmiller*, 215 Ill. 383; *Chicago City Railway Co.* v. *Rood*, 163 id. 477; *New York, Chicago and St. Louis Railroad Co.* v. *Blumenthal*, 160 id. 40; *Hart* v. *Washington Park Club*, 157 id. 9.) The burden rested upon defendants in error to overcome the presumption of negligence arising from the circumstances in this case. The record contains no evidence explaining the cause of the accident or overcoming the presumption of negligence. We

are of the opinion, therefore, that the plaintiff in error was at the time of the injury a passenger, to whom defendants in error owed the highest degree of care, and that under the first and second counts of the declaration and the circumstances in this case a *prima facie* case of negligence was made out under the doctrine of *res ipsa loquitur.* There was no explanation of why the injury occurred. It follows that there was no evidence on the part of the defendants in error to overcome this presumption, and the jury were therefore justified in returning a verdict finding defendants in error guilty of negligence.

Defendants in error also complain of the admission of testimony offered by plaintiff in error concerning the danger of a certain operation, upon the ground that such operation was not contemplated, urging that under the rule recognized in this State the dangers of an operation not contemplated are not elements of damages. We are of the opinion, however, that in view of the fact that the permanency of the plaintiff's injury is not disputed the testimony could only affect the amount of the verdict, and that under the circumstances of this case the error complained of should not, of itself, have reversed the judgment.

It is also urged by defendants in error that even though the judgment of the Appellate Court be reversed, the cause should be remanded for a new trial under the Practice act. Under the views of this case as here expressed, however, the contention of the defendants in error is not applicable, as the judgment of the trial court must be affirmed.

Objections are also urged as to instructions given to the jury, but these objections appear to be based principally upon the theory that plaintiff in error was not a passenger. Under the rule as stated here the instructions are not open to this objection.

The Appellate Court erred in holding that the doctrine of *res ipsa loquitur* does not apply and that plaintiff in error was not a passenger upon defendants in error's railway.

The judgment of the Appellate Court will therefore be reversed and the judgment of the circuit court of Cook county affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*

CARTWRIGHT, J., and DUNN, C. J., dissenting:

We do not agree with the conclusion that the plaintiff, as a matter of law, was a passenger while walking on the public street. The rule of law as to what will constitute the relation of passenger and carrier has been firmly established by text books and decisions, which were carefully reviewed and considered in the case of *Chicago and Eastern Illinois Railroad Co.* v. *Jennings,* 190 Ill. 478. Upon such review and consideration it was said to be uniformly held that the condition must be such that the passenger is under the care of the carrier and must be at some place under the control of the carrier provided for passengers, so that it may exercise the high degree of care exacted from it. The plaintiff having safely alighted from the defendants' car started to the place where he expected to take another car, and while walking on the street was not under the care of the defendants nor on any place provided for passengers or using any of the facilities furnished for passengers but was exercising his right as one of the general public by crossing the street, as he lawfully might. In the *Jennings case* the doctrine of the Massachusetts court, which is now abandoned, was indorsed and adopted. This court has never decided that the relation of carrier and passenger existed under the facts of this case. In *Chicago and Alton Railroad Co.* v. *Winters,* 175 Ill. 293, the plaintiff was accompanying his car-load of sheep to Chicago and at Bloomington the car was placed in another train being made up for Chicago. The plaintiff was walking on the east side of the freight train toward the switch yards on the grounds of the railroad company, intending to continue his journey in the caboose of the new train. There is no resemblance be-

tween this case and that of *North Chicago Street Railroad Co.* v. *Kaspers,* 186 Ill. 246, except that the plaintiff had a transfer ticket. That ticket entitled him to ride on the cable-car line to his destination, and he had got on the step at the front end of the car and was stepping up on the front platform when the speed of the train was increased and he fell off and suffered the injury for which he sued. In *Chicago City Railway Co.* v. *Carroll,* 206 Ill. 318, a trolley pole on the Wentworth avenue car, from which the plaintiff had alighted or was alighting, fell from that car and struck him on the head. He had not got away in safety from the car as the plaintiff had in this case, in which the plaintiff was not within the care or control of the defendant or on a place provided for passengers and therefore was not a passenger. *Illinois Central Railroad Co.* v. *O'Keefe,* 168 Ill. 115.

Upon the trial of an issue of fact the plaintiff obtained a verdict and judgment for $5500, and the defendants appealed to the Appellate Court, which held that the plaintiff was not a passenger; that the doctrine of *res ipsa loquitur* was not applicable to the pleadings in the case, and that the trial court committed errors of law as to both those questions. For such errors the judgment was reversed and the cause remanded to the circuit court for a new trial. The plaintiff then stated that he had relied upon the doctrine of *res ipsa loquitur* and would be unable to produce further evidence of the special negligence upon another trial, and moved the court to reverse the cause without remanding, which was done. If the Appellate Court was wrong both upon the question whether the plaintiff was a passenger and also whether the doctrine of *res ipsa loquitur* applied, that fact does not justify an affirmance of the judgment of the trial court. If plaintiff was a passenger, that fact would not entitle him to a verdict for every injury sustained but would only affect the degree of care exacted by law from the defendants. The doctrine of *res ipsa loquitur* is, that

when a thing which has caused an injury is shown to be under the management of the party charged with negligence, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation of the party charged, that it arose from the want of proper care. It is but a rule of evidence, under which a charge of negligence is established *prima facie* by proof of facts within the rule, and which will justify a verdict unless the *prima facie* case is met by proof showing that the carrier was not at fault. (*Chicago Union Traction Co.* v. *Giese,* 229 Ill. 260.) On the trial the defendants introduced evidence that the switch which carried the rear trucks around to the west was in proper condition; that there had never been any trouble with it and that an examination immediately after the accident showed nothing the matter with it. The fact that the front trucks passed over the switch in the usual way tended to prove that the rear trucks swinging around was caused by some condition which the defendants were not bound to anticipate. The defendants also offered evidence that the running apparatus and equipment of the car were all in good condition and not defective and had been running since 5:30 that morning without any indication of anything wrong. . If the Appellate Court was right in holding that the trial court misapplied the law it was the duty of the Appellate Court to remand the cause for another trial, at which such errors could be corrected. The plaintiff could not deprive the defendants of the right to present on another trial any evidence they might have to relieve themselves from the charge of negligence, by stating to the Appellate Court that he would be unable to produce further evidence of special negligence upon such trial. This court cannot decide questions of fact in controversy, and on a review of the judgment of the Appellate Court has merely held that that court was wrong in its rulings on questions of law.