SOLOMON NICHOLS *vs.* SAMUEL J. KOBRATZ.

Penobscot.    Opinion, November 30, 1942.

*Merrill & Merrill,* by *Folsom Merrill,* for the plaintiff.

*A. M. Rudman,* for the defendant.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE. JJ.

THAXTER, J.   This action, seeking damages for personal injuries suffered by the plaintiff and caused as is alleged by the negligence of the defendant, is before us on report for final determination. The facts are not in dispute.

The defendant, a wholesale and retail meat dealer, operated a store located on Broad Street in Bangor. The plaintiff, a customer in the store, went with the defendant into the refrigerator to select a piece of beef. The meat there was hung on hooks suspended on travellers which extended into the main part of the store. Having made his selection, the plaintiff went back into the store with the defendant who started to bone the meat. As they came out, the door of the refrigerator was left open, and, while the plaintiff was standing waiting for his purchase to be made ready, one of the hooks on which apparently hung a piece of beef ran out on its track into the store and struck the plaintiff injuring his eye. It does not appear what caused it to move from its place in the refrigerator into the store. With the exception of one witness who merely identified a model of the track, the defendant offered no evidence.

The plaintiff relies on the doctrine of *res ipsa loquitur*. We have so often and so recently discussed this principle that we do not think it is necessary to do so again. See *Chaisson* v. *Williams*, 130 Me., 341, 156 A., 154; *Winslow* v. *Tibbetts*, 131 Me., 318, 162 A., 785; *Shea* v. *Hern*, 132 Me., 361, 171 A., 248; *Deojay* v. *Lyford*, 139 Me., 234, 29 A. (2d), 111. The facts of this case are similar to those in *Leighton* v. *Dean*, 117 Me., 40, 102 A., 565, L. R. A., 1918 B, 922. There an awning of the defendant on the front of a building fell and injured the plaintiff who it was held was an invited licensee while looking in at the shop window of the defendant. The case was reported. In entering judgment for the plaintiff, the court held that it was the duty of the defendant, to such an invitee, to see that the premises were in a reasonably safe condition. The court said, page

44: "The very circumstances of this accident seem to establish the plaintiff's claim that the awning was insecure and that the defendant failed to use proper care to make it reasonably safe." As applicable to such facts, the court quoted the following language from the case of *Chicago Union Traction Co.* v. *Giese,* 229 Ill., 260, 82 N. E. 232: " 'When the thing which has caused an injury is shown to be under the management of the party charged with negligence, and the action is such as in the ordinary course of affairs does not happen if those who have the management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation (by the party charged), that it was caused by lack of proper care by the party charged with negligence.' "

The defendant relies on the case of *Mahoney* v. *The Great Atlantic & Pacific Tea Co.*, 269 Mass., 459, 169 N. E., 424. All that that case holds is that injury to a customer by the mere falling of a sled which apparently had been safely placed against a radiator in a store was not evidence of negligence. That presents a very different state of facts from those before us.

The hook on which the meat was suspended struck the plaintiff in the eye and almost tore off his right eyelid. At least a dozen stitches were necessary. The plaintiff was in the hospital a week and at the time of the trial had an eyelid which drooped. The doctor called by the plaintiff testified that the eye was improving but that a further operation might be advisable. The doctor's bill was $150.00 with an estimated expense of $25.00 for further treatment provided there was no operation. There was a hospital bill of $50.00. The plaintiff had had considerable pain and at the time of the trial suffered some discomfort from the drooping of the eyelid. We feel that on the facts shown by the record the plaintiff is entitled to $750.00.

*Remanded to the Superior Court for entry of judgment for the Plaintiff for $750.00.*