**Helen Walsh, Plaintiff-Appellant, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 48,089.

First District, Second Dvision.

November 22, 1960.

James A. Dooley, of Chicago, for appellant.

William J. Lynch, William S. Allen, Paul Denvir, and Jerome F. Dixon, all of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Helen Walsh sued the Chicago Transit Authority to recover damages for injuries suffered because of the alleged negligence of the defendant in the maintenance of an exit gate on a stairway leading from the elevated railroad platform. At the close of plaintiff's case the court directed a verdict for the defendant and entered judgment thereon. She appeals.

Plaintiff, a clerk 50 years of age employed by the Gas Company at 3500 South Pulaski Road, Chicago, the sole witness to the occurrence, had an appointment

with friends to take dinner at Stouffer's Restaurant at Randolph Street and Wabash Avenue on the evening of September 17, 1952. She drove her car to the Tripp Avenue station, parked it and boarded a loop elevated train. At about 5:30 P.M. she left the train at the Randolph and Wabash station. She was familiar with the station and the exit. When she left the train she was north of the exit and walked about 30 feet to the exit gate. The gate swings to the left. She had her purse in her right hand. She pushed the gate with her left hand, intending to use that hand to reach for the bannister. She was on her way down the stairs from the upper platform to the intermediate platform when the mishap occurred. The gate is a wooden structure. Four pictures received in evidence are helpful in comprehending her testimony. There are springs in the gate so that as soon as it is released it swings back and strikes against posts which prevent it from going further and tend to cause it to rebound and partially open again. She had taken one or two steps when the gate swung back, threw her off balance and she fell down the stairs. She said it is a swinging gate; that it gains momentum when you push and keeps swinging until it loses its momentum. She remembered that "there was a resistance, pressure of the spring, because the springs are there." She testified that after she had pushed the gate and taken one or two steps "the gate of course swung back again, hit my back, threw me off my balance" and that she fell down the stairs. She did not see the gate after she passed it. She did not testify that she glanced behind. She said that she did not know of "anybody who was in front of me or behind me as I started to go down the stairs." She testified that "as far as I know the gate functioned as it normally did before. It functioned as in other stations that I know of." She was taken in an ambulance to the Passavant Hospital.

■ By a motion to direct a verdict at the close of plaintiff's case the sole question presented to the court is whether, admitting the evidence in favor of the plaintiff to be true, that evidence, together with all legitimate inferences, fairly tends to sustain plaintiff's cause of action. Yess v. Yess, 255 Ill. 414, 418, 99 N. E. 687; Vieceli v. Cummings, 322 Ill. App. 559, 54 N.E.2d 717.

■■ Plaintiff, relying on the doctrine of res ipsa loquitur, maintains that her testimony established a case which should have been submitted to the jury. Our Supreme Court in Feldman v. Chicago Rys. Co., 289 Ill. 25, 124 N. E. 334, said:

> "When a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from the want of proper care. . . . The rule is that negligence is never presumed, but that the circumstances surrounding the case where the maxim of res ipsa loquitur applies, amount to evidence from which the facts of negligence may be found; that is, in a case within the maxim of res ipsa loquitur, proof of the circumstances of such case and of the injury constitutes a prima facie case of negligence, and will justify a verdict unless such prima facie case is overcome by proof showing that the party charged is not at fault."

In applying the doctrine of res ipsa loquitur the court in Edmonds v. Heil, 333 Ill. App. 497, 77 N.E.2d 863, said (510):

246

"The presumption of defendants' negligence was of course rebuttable and it was incumbent upon them to furnish an explanation of the occurrence of the fire consistent with due care on their part, if they could. Whether the evidence introduced by them in explanation of the occurrence of the fire was sufficient to rebut the presumption of their negligence was a question for the jury to determine."

See also Siniarski v. Hudson, 338 Ill. App. 137, 155, 87 N.E.2d 137. The doctrine is applied as a matter of necessity and is based upon the theory that the defendant has, within its knowledge and control, evidence which plaintiff does not possess and cannot conveniently obtain.

Defendant asserts that plaintiff's testimony that the gate struck her in the back described a factual situation that could not have occurred without having violated physical laws, and that the trial judge was under a duty of directing a verdict for the defendant. "Courts will take judicial notice of scientific facts which have been well established by authoritative scientists and are generally accepted as irrefutable by living scientists." Nicketta v. National Tea Co., 338 Ill. App. 159, 162, 87 N.E.2d 30. Defendant states that it was physically impossible for the gate in and of its own action to have struck plaintiff in the back; that after she passed through the gateway and the gate was swinging away from her it could not have suddenly rebounded toward her midway in its arc before reaching the vertical piece in the doorway; that it has nothing against which to rebound; that it could not have rebounded against the vertical piece in the doorway; that assuming that the gate had springs which did not function properly, such improper functioning would not have caused the gate to rebound;

that a door spring because of its very nature will not throw the door in an outward direction away from the center of the doorway; that the only function of which it is capable is to restrain the outward movement of the door; not to throw it outward; and that, according to the testimony of plaintiff, the springs at the time functioned in the only way that springs are capable of functioning by restraining the gate from springing outward.

There is no evidence that the gate was of "light wood" as claimed by defendant. Reasonable men looking at the exhibits could legitimately infer that the gate was of heavy construction. We cannot say from our knowledge of the resiliency of wood how far a gate of that material would rebound against a wood strip. We assume that the springs on the gate were for the purpose of restraining its outward movement. Jurors could reasonably infer that the force of the springs against the gate would cause it to close with even greater force than that created by its own weight, thus causing a greater rebound. Defendant's argument with respect to the springs assumes that they were in proper adjustment and functioned perfectly at the time of the occurrence, and asserts that plaintiff having passed the full length of the gate was beyond the periphery of its arc before the gate began to swing in the direction of the platform and away from the stairs, and therefore could not have been in its path when it later rebounded toward her. Plaintiff testified that she pushed the gate far enough to get out Her exhibits show that her first step through the gate would place her on the stairs. She said that she had started to reach for the bannister when the gate struck her, and that the gate hit her in the back after she had passed through it. We cannot agree with defendant's assertion that plaintiff's testimony that the gate struck her in the back described a factual situation that

could not have occurred without having violated physical laws.

Defendant insists that even though the action of the gate, according to the testimony of plaintiff, violated no physical laws and the gate struck her as she described, the doctrine of res ipsa loquitur would not apply. Defendant calls attention to plaintiff's testimony that the gate gains momentum when swung and keeps swinging until it loses its momentum; that the "gate functioned normally as it did before"; and that she took one or two steps through the gateway and the gate "of course swung back again and swung against me." Plaintiff says that by reason of the foregoing testimony the gate maintained by defendant is an ordinary swinging gate which swings back and forth in its arc as plaintiff expected it to do so. Defendant says that one of the essentials of the res ipsa loquitur doctrine is that the event must have been of such a nature as to have been inexplicable except for negligence on the part of defendant, and that the doctrine cannot be invoked in this case where the user of a normally functioning gate suffered an injury. Defendant calls attention to the facts that plaintiff did not testify positively whether others were behind her as she entered the gate.

In our view the purport of plaintiff's testimony is that the gate functioned normally only during the period in which she pushed against it and walked through it, not after she had released it. The gate in the instant case was not a free swinging gate. A stop on the gate frame prevented it from being a free swinging gate. A jury would have a right to conclude that her words "of course" had reference to the fact that it was the gate that struck her. In view of plaintiff's testimony that it was the gate that struck her and caused her to fall, there is no validity to defendant's argument that some person behind plain-

tiff might have pushed her. We are of the opinion that the testimony established a prima facie case. It established that she was a passenger aboard one of defendant's trains and was injured while attempting to descend to the street level from a facility provided by the defendant; that she was caused to fall when the exit gate struck her in the back when she was using the gate in the usual and customary manner; that in leaving defendant's premises it was necessary for her to use the gate; that the duty to maintain and inspect the gate was on the defendant; and that the gate's movement was controlled by a spring. Obviously the gate was not designed to swing in such a fashion as to strike a person using it in the only manner in which it could be used. The reason for the gate being controlled by springs was to close it after it was used and to hold it closed. At the time plaintiff was passing through the gate did not so operate and swung back and hit her in the back causing her to fall down the stairs. Since the gate was solely under the control of the defendant, it became the defendant's burden to explain that the operation of the gate was not due to its negligence.

The opinion in the case of Kylavos v. Polichrones, 316 Ill. App. 444, 45 N.E.2d 99, reported in abstract form, supports the position of plaintiff in the instant case. There the defendants operated a restaurant and tap room and were responsible for the upkeep, maintenance and repair of the premises. There was a swinging glass door which led into the restaurant. As the plaintiff entered the restaurant the glass in the door broke and he was injured. The trial judge directed a verdict for the defendants on the ground that plaintiff had failed to prove them guilty of negligence. In reversing the judgment we said that the evidence was sufficient to raise a presumption of negligence and required an explanation on the part of de-

fendants to overcome the presumption. In that case plaintiff opened the door and the glass broke. The defendants were responsible for the maintenance and repair of the premises. There was a duty on defendants to keep the door in a safe condition. The court found this was sufficient to raise the presumption of negligence. In the instant case the plaintiff opened the gate, the gate swung and hit her. The defendant was responsible for the maintenance and repair of the gate and had a duty to keep the gate in a safe condition and prevent injury to those entering the premises. Plaintiff was using the gate for the purpose intended by the defendant. She had a right to depend on the normal operation of the gate. We conclude that under the facts the doctrine of res ipsa loquitur is applicable.

██  Finally, the defendant urges that the undisputed facts show that plaintiff was guilty of contributory negligence; that since plaintiff was familiar with the exit she knew that the stairs immediately followed the gate and that the rebound of the gate might strike her; that under these circumstances any reasonably cautious person would have used care not to push the gate too hard so that the rebound would not strike her with force, hold her hand on the gate, letting it go back slowly so that it would not rebound, or else have her hand behind her so that the gate would not unexpectedly strike her in the back; and ascertained whether somebody might be behind her who would push the gate against her with force. The question of whether a person was guilty of contributory negligence becomes a question of law only where the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that contributory negligence existed. Geraghty v. Burr Oak Lanes, 5 Ill. 2d 153, 125 N.E.2d 47. The springs on the gate served to restrain the forward movement of the

251

gate, and if correctly set and functioning properly, controlled the speed of its return and the force with which it would hit the frame. The force with which plaintiff opened the gate could have no effect on its rebound. She testified that she opened the gate only far enough to get out, and that the gate hit her on the rebound after she had released it. She did not hurry through the gate. The care to be exercised by one starting down a flight of steps could not reasonably require that she take her eyes off the steps and look behind her. We cannot say that reasonable minds might conclude that contributory negligence existed.

The judgment is reversed and the cause is remanded with directions to proceed in a manner consistent with these views.

Judgment reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.