(No. 5525-

WESTCHESTER FIRE INSURANCE COMPANY, A Corporation, Subrogee of Jesse C. Shepherd, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1971.*
*Petition of Respondent for Rehearing denied February 17, 1972.*

JOHN P. WARDROPE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; ZEAMORE A. ADER, Special Assistant Attorney General, for Respondent.

PER CURIAM.

On February 4, 1968, there was an explosion and fire in the National Guard Armory in Aurora, Illinois, which resulted in the destruction of the Armory. As a result of the explosion and fire, an adjoining building owned by a certain Jesse C. Shepherd was damaged. Claimant, Westchester Fire Insurance Company, paid the owner of the adjoining building the sum of $25,124.55, and brings this claim to recover its payment as the subrogee of the owner of the adjoining building.

Donald Shepherd, a qualified and licensed architect, submitted a thirty-seven page itemization concerning necessary repairs to the building, and stated that the cost of repair, replacement and service required to repair the dam-

age done to claimant's building amounted to $39,067.89. The Assistant Claims Manager of the Westchester Fire Insurance Company, Charles J. Sniericky, testified that an agreement was made with the owner of the building whereby the claimant paid its assured, Jesse C. Shepherd, the sum of $25,124.55.

It is the contention of the claimant that the respondent, through its agents, members of the Illinois National Guard, was negligent in the operation, control and maintenance of the Armory, more specifically, the heating apparatus in the basement known as the "North Boiler", and that it was through this negligence that the fire was caused, resulting in damage to the Shepherd Building. Count One of the claimant's complaint alleges specific negligence in the operation of the "North Boiler" and Count Two alleges general negligence under the doctrine of res ipsa loquitur.

Testimony taken at the hearing of this matter established that the Armory was under exclusive control of the respondent and that the "North Boiler" was in operation at the time of the explosion and fire. On December 23, 1967, a gas regulator valve on the "North Boiler" was replaced for the reason that the boiler had not been burning with the proper flame. Captain Leo Stoecker, of the Illinois National Guard, testified that there had been no complaint regarding the "North Boiler" after that time. Neither claimant nor respondent introduced any expert witness who might have examined the "North Boiler" after the fire.

Lt. Ronald Miller of the Aurora Fire Department, testified on behalf of the claimant that he had investigated the fire and that in his opinion the fire had started in the basement boiler area and was consistent with a gas explosion. Arson was ruled out as a cause.

Another opinion was introduced in the form of a report by James F. Lahey, Deputy State Fire Marshal for the State of Illinois. In his written opinion, the most probable source of ignition was the Boiler Room and further, in his opinion, it was stated that the fire was accidental and due to a malfunction of one of the boilers.

In the opinion of this court, the doctrine of res ipsa loquitur is properly invoked by the claimant. In the case of *Feldman* vs.*Chicago Railways Co.*, 289 Ill. 25, 34., the court stated: "When a thing which has caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from want of proper care." The claimant in this case has proven through a sufficient amount of circumstantial evidence that the fire started in the boiler area, which was under the control of the respondent, and that the probable cause of the fire was a gas explosion. Such circumstantial evidence, along with the fact that fires of this nature do not occur in the absence of someone's negligence give rise to the presumption of negligence on the part of the respondent. *(Metz* vs. *Central Illinois Electric and Gas, 32 Ill. 2d 446).*

The presumption which arises is subject to rebuttal by the respondent and may be overcome by explanation of the occurrence of the fire, consistent with due care on the respondent's part. *(Edmonds* vs. *Heil, 333 Ill. App. 497).* Respondent did show that the boiler was repaired some time before the fire occurred, but failed to offer evidence as to its condition just prior to and at the time of the explosion and fire in question; and furthermore, failed to have the boiler inspected after the fire, although it was in

respondent's possession for four to five months. Respondent has failed to offer sufficient evidence to rebut the presumption of negligence.

Respondent argues that it might be just as reasonably be inferred that the fire was started by a bomb or that some other form of arson took place. The possibility of arson was ruled out both by Lt. Ronald Miller of the Aurora Fire Department and James F. Lahey, Deputy State Fire Marshal. There was no proof of contributory negligence on the part of the claimant.

In the opinion of this court, respondent is liable for the damages inflicted on the property of Jesse C. Shepherd and the court awards damages to the Westchester Fire Insurance Company, subrogee and claimant in this matter, in the amount of $25,000.00.