## HUGH M. SHORB
### *v.*
## KETURAH WEBBER.

*Opinion filed December 20, 1900.*

1. INSTRUCTIONS—*when instruction in action under Dram-shop act is not objectionable.* In an action under section 9 of the Dram-shop act for injury to plaintiff's means of support from the death of her husband, caused by intoxication, an instruction basing right of recovery on the fact that the defendant sold intoxicating liquor to plaintiff's intestate on the night of his death, and that such liquor, *in whole or in part,* caused the intoxication, is not subject to the objection that it authorizes a recovery in case of partial intoxication.

2. SAME—*when refusal of instruction is harmless.* An instruction may be properly refused if the principle announced therein has been repeatedly stated in other instructions given at the request of the same party.

3. SAME—*instruction need not describe degree of intoxication—dramshops.* In an action under section 9 of the Dram-shop act it is sufficient for the court to instruct the jury that the evidence must prove that plaintiff's intestate was *intoxicated,* without attempting to say what constitutes intoxication or what degree of intoxication must exist.

*Shorb* v. *Webber,* 89 Ill. App. 474, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. JOHN C. GARVER, Judge, presiding.

R. K. WELSH, and CHARLES W. FERGUSON, for appellant:

The Dram-shop act is a statute of a highly penal character and provides rights of action and remedies unknown to the common law, in which the person prosecuting has a decided advantage over the party defending, and therefore it should receive a strict construction. *Freese* v. *Tripp,* 70 Ill. 496; *Meidel* v. *Anthis,* 71 id. 241; *Cruse* v. *Aden,* 127 id. 231.

Appellee, to recover in this action, must clearly bring herself, by her proof, within a strict construction of the terms of this statute. · There must have been intoxication. The liquor furnished must have contributed to that intoxication in some essential and appreciable degree. *Flynn* v. *Fogarty,* 106 Ill. 263; *Lane* v. *Tippy,* 52 Ill. App. 532; *Morley* v. *Moulton,* 45 id. 304.

Where there is a sharp conflict in the evidence on any material issue, or where, as in this case, the existence of two of the necessary elements of the case were "hotly contested on both sides and were vigorously denied by appellant," the law should be accurately declared and stated to the jury. *Neuerberg* v. *Gaulter,* 4 Ill. App. 348; *Western Assurance Co.* v. *Weaver,* 23 id. 97; *Ice Co.* v. *Scully,* 63 id. 147; *Wilmerton* v. *Sample,* 39 id. 62; *Railroad Co.* v. *Garner,* 83 id. 118; *Volk* v. *Roche,* 70 Ill. 297; *Railroad Co.* v. *Hammer,* 72 id. 348.

Not only is an inaccurate instruction in such a case reversible error, but it will not be cured by others which do state the law accurately. "It is not sufficient, in such a case, that some of the defendant's instructions may have stated the law correctly. The plaintiff's instructions should have done the same thing." *Railway Co.* v. *Henks,* 91 Ill. 408; *Railway Co.* v. *Rector,* 104 id. 298; *Sinnet* v. *Bowman,* 151 id. 147.

In a close case, where one of the most important questions is whether or not the deceased was intoxicated at

the time of his death, it is highly proper to instruct the jury that intoxication, and not ·part intoxication, must be shown before there can be recovery. *Gintz* v. *Bradley*, 53 Ill. App. 597; *Neuerberg* v. *Gaulter*, 4 id. 348.

Fisher & North, for appellee:

The question of whether or not the liquor purchased at the saloon of appellant contributed to produce intoxication is a question of fact for the jury, and is finally settled by the Appellate Court and is not before this court. *Stringam* v. *Parker*, 159 Ill. 304; *Sellars* v. *Foster*, 27 Neb. 118; Starr & Cur. Stat. chap. 110, sec. 89.

The *gravamen* of the case is the intoxication, and if there was intoxication in part, or partial intoxication sufficient so that deceased was unable to properly manage his team or to control himself, and in consequence thereof met his death, such intoxication is within the meaning of the statute. *Smith* v. *People*, 141 Ill. 447.

When actual damages are shown, exemplary or vindictive damages may be assessed in addition thereto, if the dram-shop keeper or his agents sell liquor to the deceased after he becomes intoxicated, even though the dram-shop keeper has a license. *Betting* v. *Hobbett*, 142 Ill. 72; *Kennedy* v. *Sullivan*, 136 id. 94; *Buck* v. *Maddock*, 67 Ill. App. 466; 167 Ill. 219; Dram-shop act, par. 6.

"Drunk" and "intoxicated" are generally understood to mean "under the influence of liquor." *Buck* v. *Maddock*, 167 Ill. 219; *Mapes* v. *People*, 69 id. 523.

The degree of intoxication necessary for a recovery under the Dram-shop act is essentially a question of fact, and an instruction which attempts to settle the state of intoxication necessary in order to fix the liability of appellant is clearly foreign to the province of the judge presiding, and reversible error. *Tipton* v. *Schuler*, 87 Ill. App. 517.

Where substantial justice has been done, courts do not reverse a case for technicalities, nor for error which

is not prejudicial to the party complaining. *Ransom* v. *McCurley*, 140 Ill. 626; *Ryan* v. *Brant*, 42 id. 79; *DeClerq* v. *Mungin*, 46 id. 112; *Frank* v. *Kaminsky*, 109 id. 26; *Coal Co.* v. *Haenni*, 146 id. 614; *Springfield* v. *Coe*, 166 id. 22; *Ochs* v. *People*, 124 id. 399; *Chatsworth* v. *Rowe*, 166 id. 114; *Kankakee* v. *Whitehouse*, 71 Ill. App. 635.

Where, taking all the instructions as a series, it appears that the law has been fully and fairly given, the judgment will not be reversed for mere technical inaccuracies in some of the instructions given, not calculated to mislead the jury, nor for the refusal of instructions asked which were not required in view of those given. *Duncan* v. *People*, 134 Ill. 110; *Insurance Co.* v. *Keach*, id. 583; *Greene* v. *Greene*, 145 id. 264; *Bridge Co.* v. *Fellows*, 52 Ill. App. 504.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from the Appellate Court for the Second District to reverse its judgment affirming a judgment of the circuit court of Winnebago county. The action below was by appellee, as the widow of Thomas H. Webber, deceased, against appellant, under section 9 of the Dram-shop act, the allegation of the declaration being that the defendant gave or sold intoxicating liquors to her husband, whereby he become intoxicated and lost his life on the evening of February 2, 1899, to the injury of plaintiff in her means of support. The plea was the general issue, and upon trial by jury a verdict was returned in favor of the plaintiff for $3000. Upon this verdict judgment was entered by the circuit court, which has been affirmed by the Appellate Court.

Two points of controversy were raised upon the trial: First, that the deceased did not become intoxicated, in whole or in part, from liquors furnished by the defendant; and second, that his death was not caused by intoxication. Under the guise of presenting to this court the fact that these two issues were sharply contested in the trial court, and that the evidence bearing upon each of

them was conflicting, counsel for appellant have quoted several pages of their argument in the Appellate Court, which is a discussion of the facts pure and simple. That there was evidence before the jury tending to establish both facts is not denied, and hence the question is foreclosed in this court.

It is said that the case, on its facts, falls within the rule that where the evidence is in irreconcilable conflict, the rulings of the court upon the admission of testimony and the giving and refusing of instructions to the jury, should be accurate, and that in this view reversible error was committed by the trial court.

It is objected that the court admitted improper evidence on behalf of the plaintiff, over the objection of the defendant: First, in allowing a physician, Dr. Cole, to state, as a matter of opinion, that a bruise upon the deceased's head was caused by falling from his wagon and striking upon the frozen ground; and second, in permitting another physician to give his theory of intoxication. We can discover no substantial objection to the testimony of either of these witnesses. Certainly it could have had no harmful effect upon defendant's case. The Appellate Court properly held that there was no error in this regard.

It seems to be thought that the first and second instructions given on behalf of the plaintiff announce the rule to be that partial intoxication, caused by selling or giving intoxicating liquors to a person, meets the requirements of our statute. This is a clear misinterpretation of these instructions. The instructions are to the effect that if the defendant, "by himself or his agent or bartender, sold or gave intoxicating liquors to Thomas Webber, deceased, in his lifetime, the night of his death; and if you further believe, from the evidence, that said Thomas Webber was at such time the husband of plaintiff; and if you further believe, from the evidence, that such liquor, in whole or in part, that night caused the intoxication

of Thomas Webber, deceased; and if you further believe, from the evidence, such intoxication caused the death of said Webber, as alleged in the declaration," etc. The intoxication required by this language is not intoxication in whole or in part, but intoxication caused "in whole or in part." Nor is there force in the contention that these instructions assume a state of intoxication. The jury are required to believe, from the evidence, that such liquor caused intoxication, and it was an unfair inference to say that intoxication is assumed.

In this connection it is also contended that the court erred in refusing one of the many instructions asked on behalf of the defendant, which stated "that the statute under which this case is brought bases a right of recovery on intoxication, and not part intoxication. There can be no recovery where the latter, only, is shown." It is sufficient to say that the principle announced in that instruction was given to the jury repeatedly in others asked on behalf of the defendant. The first, given on behalf of the defendant, stated that before the plaintiff could recover the jury must believe, from the evidence, (1) that the defendant sold or gave to the plaintiff's husband intoxicating liquors; (2) that the giving or selling of such liquors caused, in whole or in part, his intoxication; (3) that such intoxication caused his death; (4) that by reason of the death of her husband the plaintiff was injured in her means of support. The second instruction directs that they must believe, from all the evidence, that the death of Thomas Webber was occasioned by his intoxication, and that must be shown by a preponderance of the evidence. The third directs that it must appear "that there was liquor furnished by the defendant to the deceased, and that such liquor was the efficient and approximate cause, either wholly or in part, of the intoxication complained of." The fourth, that they must believe and find, from the evidence, that the death of Thomas H. Webber was caused by intoxication. The fifth, "that it

is not sufficient, in order to hold defendant liable in this case, that the deceased, Thomas H. Webber, merely felt the liquor which he had been drinking, or that he was slightly under the influence of liquor, or that he was feeling good, merely, but that it is absolutely essential, before there can be any recovery, for you to believe, from all the evidence, that the deceased was intoxicated." The sixth directs that "if the jury believe, from the evidence, that the death of deceased was or could have been occasioned by negligence or want of caution on the part of the deceased, or by any other cause outside of intoxication, if such negligence or want of caution did not arise from intoxication, then there can be no recovery, and you should find the defendant not guilty." How it can be seriously contended, in the face of all these instructions, that the jury were led to believe that they might find for the plaintiff in the absence of a preponderance of the evidence showing that her husband became intoxicated from liquors furnished him by the defendant and that he lost his life by reason of that intoxication, we are at a loss to perceive. The charge to the jury is clear, direct and positive, stated again and again, that in order to find for the plaintiff they must believe, from a preponderance of the evidence, the existence of both of those facts.

Something is said in the argument as to what will constitute intoxication, within the meaning of this section of the statute. We know of no terms which could safely be incorporated in an instruction defining intoxication. It certainly will not be claimed that a plaintiff, in an action like this, as a condition to the right of recovery must prove that the person was intoxicated to the degree of insensibility or incapacity to take care of himself or guard against danger. It is well known that at least some persons under the influence of intoxicating liquors are reckless with regard to their own safety, while others become insensible to danger and are incapable of self-protection. We think when the court informed

this jury that the evidence must prove that the deceased was *intoxicated*, it did all that the law required.

We find no errors of law in this record. The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*