THE KNOX COUNTY FARM BUREAU *v.* WAGNER.

*Charge to jury—Prejudicial error not to define issues or explain disputed facts—Charge to definitely and clearly state issues of fact—Action for membership dues to farm federation bureau.*

1. In action to recover membership dues to farm bureau federation, charge requiring certain findings to prevent recovery by plaintiff, but failing to define issues to be determined by jury, or explain questions of fact in dispute, was not proper or legal charge, and was prejudicial error.

2. Charge to jury should state facts raised by pleadings clearly and definitely so as not to be misconstrued by jury.

(Decided June 1, 1926.)

ERROR: Court of Appeals for Knox county.

*Mr. Charles L. Bermont,* for plaintiff in error.
*Mr. L. C. Stillwell,* for defendant in error.

HOUCK, P. J.   The plaintiff here was the plaintiff below, and the defendant here was the defendant below.

From the pleadings filed in the common pleas court we find the plaintiff sought to recover from the defendant the sum of $20, with interest, claimed to be dues for two years membership in the Knox County Farm Bureau Federation; the basis of the suit being a written instrument claimed to have been signed by the defendant Wagner. The answer of the defendant set up a claim of fraud and misrepresentation in obtaining his signature to the instrument, and in setting forth the purposes for which the payments were to be made. The reply

of the plaintiff was in the nature of a general denial. of all the material facts of the answer.

Trial was had, and the jury returned a verdict for the defendant, Wagner. The verdict was sustained by the trial judge when he overruled a motion for a new trial.

The petition in error seeks a reversal upon a number of claimed prejudicial errors, none of them of such substantial nature as to require comment, save one, viz.: Did the charge of the trial judge state the issues to the jury, or convey to the jury the nature of the case, and advise it as to the cause on trial, the issues of fact to be determined, and the rules of law applicable thereto? The entire charge, and all that was said by counsel and the court at the time, were as follows:

"Members of the jury, when I shall refer to whatever the plaintiff, the Knox County Farm Bureau Federation, knew, or said, or represented, I shall mean that it knew or said or represented through its agents, because this organization could only be represented by, and could only speak and know things by, its agents.

"If the evidence proves by a preponderance thereof all four of the following elements or facts, the plaintiff can recover nothing:

"These four elements are:

"First. That the plaintiff made all or some of the representations claimed by defendant, Wagner, in his answer filed herein, which answer you will have with you for inspection in the jury room.

"Second. That all or some of said statements so found by you to have been made were false.

"Third. That said plaintiff knew that all or

some of the statements so found by you to have been made were false.

"Fourth. That by reason of such false statements, known by plaintiff to be false when made, as found by you, were believed by the defendant, Wagner, and were the cause and inducement of his having signed the subscription in question.

"I repeat, if all four of these questions are proven by preponderance, the plaintiff can recover nothing. But if the evidence fails, by a preponderance thereof, to prove any one or more of these four elements, then the plaintiff is entitled to recover $22.95, that being the $20.00 in question, plus interest to the first day of this term, to wit, the 15th day of September, 1924.

"Nine of your number can return a verdict; therefore, as soon as nine of you have agreed, let all those concurring sign the verdict expressive of the agreement. Blank forms of verdict will be furnished you, one for the plaintiff and one for the defendant, and you use the one that fits your verdict.

"You may choose one of your number foreman to preside over your deliberations. You may now retire. Does either side ask the court to charge upon any proposition not already charged on?

"Mr. Stillwell: I do.

"The Court: Now tell that privately.

"Mr. Stillwell: Well, I want to get it in the record. (Court and counsel confer privately).

"The Court: Members of the jury, in addition to what I have said, when I used the word 'agent,' and said that the plaintiff is charged with having done whatever its agent did, and is charged with knowing whatever the agent does—in this case, it

will be understood that a soliciting agent in this subscription is such an agent, and whatever statement he made is the same as if the company could make it, and whatever knowledge he knew or had as to whether the statements were true or false is the knowledge of the plaintiff, and they are charged with it, because an organization like this cannot exist except through its agents, because it has no personal representation. It is like a corporation. The jury may retire.''

It will be observed that the charge does not define or state the issues with reference to the case on trial. In fact, it does not require a careful reading of the charge in order to be satisfied that the trial judge absolutely failed to convey to the jury the issues to be determined, the nature of the cause on trial, and certainly did not explain to the jury the questions of fact to be determined by the jury, as raised by the pleadings. It is unnecessary to say that a charge to a jury should not only clearly and definitely state in a concise and logical way the facts raised by the pleadings, but the same should be so explicit as not to be misconstrued, or misunderstood, by the jury. This is necessary in order that the jury may properly apply the law, as given by the trial judge, to the proven facts.

The charge under consideration absolutely fails to define the issues to be determined by the jury, and there was an absolute failure in the instruction explaining to the jury the questions of fact in dispute. The jury is entitled to know, and it is certainly the duty of the trial court to give to the jury such instructions in the general charge as will advise it as to the issues of fact raised

by the pleadings and evidence. This is necessary in order that the jury may properly and intelligently pass upon and determine the issuable facts, thereby enabling it to apply the law applicable thereto, as given to it by the trial judge.

It seems useless for us to discuss at length the questions here raised, for our Supreme Court has settled all here involved, and we need but cite the case of *Baltimore & Ohio Rd. Co.* v. *Lockwood,* 72 Ohio St., p. 586, 74 N. E., 1071, the syllabus of which reads:

"In submitting a case to the jury, it is the duty of the court to separate and definitely state to the jury the issues of fact made in the pleadings, accompanied by such instructions as to each issue as the nature of the case may require; and it is also the duty of the court to distinguish between, and call the attention of the jury to, the material allegations of fact which are admitted and those which are denied."

Applying the rule thus laid down, it will be seen that the charge now under review falls far short of the requirements necessary to make a proper and legal charge.

We also cite the case of *Telinde* v. *Ohio Traction Co.,* 109 Ohio St., 125, 141 N. E., 673, as decisive of the present case in favor of the plaintiff in error.

We have examined all of the errors set forth in the petition in error, but find none of them well taken, except the above error that the charge of the trial judge is prejudicially erroneous to the rights of plaintiff in error. It therefore follows from what we have said that the judgment of the common pleas court should be, and now is, re-

versed, upon the one ground, error in the charge of the trial judge.

Judgment reversed, and cause remanded for further proceedings according to law.

*Judgment reversed.*

SHIELDS and PATTERSON, JJ., concur.