BECK, TRUSTEE, *v.* BEAGLE ET AL.

(Decided December 12, 1927.)

*Mr. W. W. Scott* and *Mr. Clyde C. Sherick,* for plaintiff in error.

*Mr. W. J. Weirick,* for defendants in error.

HOUCK, J. The parties stand here in a position the reverse of that held in the lower court.

This cause is here for review on the errors complained of in the petition in error. The bill of exceptions containing the proceedings in the trial court and the evidence submitted there is before us.

Speaking from the record in this case, the plaintiffs below, Grace Beagle and H. C. Beagle, brought suit to recover the sum of $407.83 from the defendant, David C. Beck, on a claimed contract in writing for services alleged to have been rendered to one Cora N. Beck.

The answer filed was a general denial of all of the material allegations in the petition.

The cause coming on for trial to a jury in the lower court, counsel for plaintiffs stated the case to the jury, at which point counsel for defendant moved for a judgment for the defendant. Plaintiffs' counsel then asked leave of the court to file an amended

petition making David C. Beck, as trustee, the defendant, which request was granted by the court. This was done over an objection and exception by defendant. The original answer was refiled.

Defendant by counsel moved to dismiss the action and for judgment. The court overruled the motion, and exceptions were noted. The plaintiffs amended their amended petition by interlineation, writing in at the end of the prayer "as upon *quantum meruit.*" The defendant renewed his motion for judgment, which was overruled, and exceptions were noted.

Counsel for plaintiffs below said:

"The suggestion of the court that the petition be amended by interlineation by adding the words 'as upon *quantum meruit*' is objected to by the plaintiffs, but do so in order to expedite the trial."

Whereupon the jury was recalled to the courtroom, and the plaintiffs offered their evidence, which consisted of the testimony of six witnesses, and a number of exhibits. At the conclusion of the evidence offered by plaintiffs, the defendant moved for an instructed verdict, which motion was overruled, and the defendant excepted. The defendant rested.

Counsel for the respective parties having waived argument of the case to the jury, the court proceeded to charge the jury as follows:

"Ladies and gentlemen of the jury, The plaintiffs have offered their evidence in this case and have rested their case. The defense have offered no evidence whatever.

"The only evidence that would be on the part of the defense was the last two witnesses offered on the stand here, who were called as upon cross-examination. The court deemed it insufficient to over-

balance the evidence offered on the part of the plaintiffs, so the court is going to ask you to bring in your verdict for the plaintiffs. The only question that you have to determine is the amount of the verdict, the amount of the services, or what the services were reasonably worth, of this lady, as against this fund in the Loudonville Bank, and that is about all the court desires to direct you in.

"The verdict will be for the plaintiffs, and it is for you to determine the amount, not to exceed the amount of $470.83, because that is the amount asked for in plaintiffs' amended petition.

"You will have with you the form of verdict for you to bring in with your signatures. Nine or more of your number must sign this before you can arrive at a verdict, or all of you, if you so find.

"Ladies and gentlemen, you may retire."

The above charge to the jury was excepted to by counsel for defendant, and an especial objection made to same, for the reason that the jury was instructed to return a verdict as upon *"quantum meruit."*

The jury returned a verdict for the full amount sued for, to wit, the sum of $470.83. The defendant below filed his motion for a new trial which was overruled, and to the overruling of same, and the judgment entered on the verdict by the trial court, error is prosecuted to this court, seeking a reversal of the judgment.

Fifteen grounds of error are set forth in the petition in error. The court feels that it is necessary to discuss and pass upon but one of these claimed errors, to wit:

"Did the trial judge err in his general charge to

the jury in this, to wit, that it is indefinite and uncertain, that the issues were not properly stated, and that the court failed to separate and definitely state to the jury the issues of fact made in the pleadings?''

This is the only error which we feel that it is necessary to discuss, as a proper solution of this one claimed error, as we view it, will determine the question whether or not there is prejudicial error in the record. Therefore we do not now pass upon the other claimed errors as enumerated in the petition in error.

We feel that the law laid down in the books with reference to what constitutès a proper or legal charge to a jury is well settled and may be enumerated as follows:

(a) The office and purpose of an instruction by a trial court to a jury is to enlighten and aid it in arriving at a correct verdict.

(b) The duty of the court to instruct the jury being recognized, it follows as a corollary that a correct declaration of the legal principles involved should be given to the jury; otherwise the requirement to instruct would be a needless formality.

(c) It belongs to and is a part of the office of a trial judge to exercise discretion as to the form and style in which to expound the law pertaining to the case on trial.

(d) It is the duty of a court in charging a jury to fully inform it of the law applicable to the case by which it is to be guided in reaching a verdict.

(e) In submitting a case to the jury it is the duty of the court to separate and definitely state to the jury the issues of fact made in the pleadings, ac-

companied by such instructions as to each issue as the nature of the case may require, and it is also the duty of the court to distinguish between and call the attention of the jury to the material allegations of fact which are admitted and those which are denied.

It does not require a very careful reading of the charge complained of to be convinced that it does not state or define the issues with reference to the case on trial. In fact, the charge absolutely fails to state the nature of the case on trial or any issue or issues raised by the pleadings. The jury is entitled to receive from the court such instructions in the general charge as will fully place it in possession of the issuable facts in controversy, as presented by the pleadings and evidence.

We cite the following cases as clearly bearing upon the question of error here raised, and feel that a perusal of them will be not only beneficial but instructive to counsel and parties: *Baltimore & Ohio Rd. Co.* v. *Lockwood,* 72 Ohio St., 586, 74 N. E., 1071; *Harrison* v. *State,* 112 Ohio St., 429, 147 N. E., 650; *Telinde* v. *Ohio Traction Co.,* 109 Ohio St., 125, 141 N. E., 673; *Knox County Farm Bureau* v. *Wagner,* 24 Ohio App., 466, 155 N. E., 804.

In the case of *Ætna Ins. Co.* v. *Reed,* 33 Ohio St., 283, the fourth proposition of the syllabus reads:

"The charge to a jury should not only be correct, but be so distinctly adapted to the case made by the proofs, and so explicit, as not to be misconstrued or misunderstood by the jury, in the application of the law to the facts proven. Where, however, the charge, for want of such certainty and explicitness, is calculated to confuse and mislead the jury, that is error for which a judgment may be reversed."

An extended discussion of this case we feel is not warranted. It is only proper to say that, under the rules of law herein laid down; and the authorities cited, it is apparent that there is prejudicial error in the record which fully justifies the reversal of the judgment of the common pleas court.

The judgment and finding of this court is that the judgment entered in the lower court be reversed and the cause remanded to that court for further proceedings according to law.

*Judgment reversed.*

SHIELDS and LEMERT, JJ., concur.