Lenora Gamble, Appellee, v. Hayes Transfer and Storage Company, Appellant.

366

Opinion filed January 4, 1935.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellant.

PRESTON K. JOHNSON, of Belleville, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, in the sum of $4,000, rendered upon the verdict of a jury in such amount, in favor of appellee and against appellant. The action grew out of injuries sustained by appellee as the result. of a collision between an auto driven by Clyde Taylor, in which she (appellee) was riding as a guest, and a truck belonging to appellant, which was in charge of their driver, Raymond Taylor.

The accident occurred on the evening of October 9, 1933, between the hours of five and six o'clock. The evidence discloses that Clyde Taylor, at the time in question, was driving easterly on the State highway from East St. Louis to Belleville; that in the front seat of his sedan, Miss Gamble, the appellee, was sitting on his right, while in the rear seat was James Green, another guest passenger; that appellant's

truck, driven by Raymond Taylor, was approaching from the east on such highway; that directly ahead of appellant's truck was a Chevrolet sedan, which was said to have borne an Oklahoma license number. At a point where the road curves, the cars of Clyde Taylor and the Oklahoma car met. At this time the truck of appellant came from behind the car just ahead of it, and started diagonally across the road, colliding with the car of Clyde Taylor, in which appellee was riding.

Clyde Taylor, Green and appellee all testified that the truck turned suddenly out into the left lane of traffic; that it was traveling rapidly, while their car was making, at the time, about 20 or 25 miles an hour. Taylor stated that he attempted to apply his brakes as soon as he saw the truck turn, but the time was too short to avert a collision. As a result, appellee sustained serious, permanent injuries, also disfigurements to her face and features, and suffered much pain and anguish; was confined to the hospital for a number of days, and was prevented from pursuing, for a considerable period, her occupation as an office employee of the International Shoe Company of St. Louis.

Appellant's driver testified that the car directly in front of him stopped suddenly, while about 25 feet distant from him; that there was not sufficient room on the north side of the road, between the cement slab and a fence there situated, for him to turn into, and that his only recourse was to cut across the cement to the south, in order to prevent a collision with the car ahead of him, the driver of which had not given him any signal or warning of his intention to stop; that he did not see the Clyde Taylor car until he turned to the left, and did not know previously that it was coming.

At the conclusion of the evidence the court prepared a charge to the jury, in conformity with sec. 67 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 195; delivered

to counsel for each party a copy of same, and inquired of both whether there were any objections or suggestions relative thereto. Appellee's counsel responded in the negative, and the attorney for appellant made two suggestions in writing as to matters he desired included in the charge, both of which were refused by the court, and its action in so doing forms the basis of this appeal.

Suggestion number one was as follows: "You are instructed under the law the mere fact that the plaintiff was a guest or passenger in the automobile in which she was riding at the time of the collision in question, does not excuse her from the duty of exercising due care and caution for her own safety, and if she was in a position in the automobile where she could, by the exercise of reasonable care on her part, have seen that a collision was imminent, it was her duty, under the law, to warn the driver of the automobile of such danger in time for him to have avoided same if possible."

The court's refusal to adopt such suggestion rested upon the proposition that the charge repeatedly required appellee to prove, before she would be entitled to a recovery, that at the time of, and just prior to, the accident, she was in the exercise of due care for her own safety. An examination of the charge reveals that in several places, the court's direction to the jury stressed the necessity of appellee's showing due care on her part just previous to and co-incident with the collision. The jury, if it regarded the charge, could not fail to understand appellee's obligation in this respect, and the refused suggestion would only have emphasized her duty in this regard.

A legal principle, suggested for an instruction, may properly be refused where the same has been repeatedly stated in the charge. *England v. Fawbush,* 204 Ill. 384; *Shorb v. Webber,* 188 Ill. 126.

The court is not required to repeat its instructions to the jury, but on the contrary should not do so. *Chicago Union Traction Co. v. Newmiller*, 215 Ill. 383.

In our opinion the court did not err in refusing the suggestion.

Appellant's second refused suggestion was in the following words: ''The court instructs you that under the statute of the State of Illinois it is the duty of a person driving along the highway in the State of Illinois, to signal his intention of stopping on the highway so as to give persons following him reasonable notice of his intention to stop, and if you believe from the evidence in this case that the driver of the car, which has been referred to in the evidence as the car which was traveling in front of the truck of the defendant, and as the car having the Oklahoma licenses, did not give any signal or warning advising the driver of the truck of his intention to stop on the highway, and that he did stop without giving such warning to the driver of the defendant's truck, and that such failure on his part was the proximate cause of the collision in question, then the plaintiff would not be entitled to recover as against the defendant in this case, and your verdict should be for the defendant.''

This suggestion is based upon Cahill's St. ch. 95a, ¶ 34; subsec. 5 of sec. 234, ch. 121, Smith-Hurd R. S. 1933, which is as follows: ''No driver of a vehicle shall suddenly stop or slow down without first signaling his intention with outstretched arm or otherwise to those following closely in the rear, nor shall he turn without signaling in a similar manner both to those following closely and those approaching from the opposite direction.''

It will be observed that the quoted section of the statute limits the duty of signaling, in instances where the driver is about to stop suddenly or slow down, to those who are following closely in the rear. The sug-

gestion does not comply with such section, in that it fails to limit its application to situations where cars were closely following the one which was about to stop; but in general terms provides that if the jury finds that the car traveling in front of appellant's truck stopped without signal or warning, and that same was the proximate cause of the injury, then appellant was not guilty. It would leave the jury free to determine that if the Oklahoma car stopped without signal, regardless of how far in the rear the truck of appellant might have been, such failure to signal would be a breach of statutory duty. This, manifestly, is not the rule as defined in the legislative act.

An instruction, couched in statutory language, may properly be given, but it must set forth the essentials of the act of legislation, and if it omits a material element thereof, is improper. This is based upon the fundamental principle governing instructions, that the court's charge must correctly state the law.

"The duty of the court to instruct the jury, being recognized, it follows as a corollary that a correct declaration of the legal principles involved should be given to the jury; otherwise the requirement to instruct would be a needless formality." *Beck v. Beagle*, 28 Ohio App. 508, 162 N. E. 810.

It cannot be said that a suggestion based upon a statutory section, which omits an essential element required by the Act, is a correct exposition of the law as declared by the statute. The suggestion was not an accurate statement of the statutory duty of the driver of a motor vehicle to signal to cars following closely in the rear, before stopping or slowing down, and was properly refused by the court.

No questions are argued, other than the refusal to incorporate in the charge the two suggestions before discussed, and the court's ruling on each one being correct, the judgment is affirmed.

*Judgment affirmed.*