Vivian Roberts, a Minor, by Grace Roberts, her Mother and Next Friend, Appellee, v. Economy Cabs, Inc., and Hilda Schmeling, Appellants.

Opinion filed May 8, 1936.

KRAMER, CAMPBELL, COSTELLO & WIECHERT and NORMAN J. GUNDLACH, all of East St. Louis, for appellants.

PHILIP G. LISTEMAN and MICHAEL J. SULLIVAN, both of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This cause grows out of injuries received by appellee on February 3, 1935, while a passenger in appellants' taxicab, in service on the streets of East St. Louis.

On the above date at about one o'clock in the morning appellee was picked up by appellants' driver, Roscoe Herrin. He says she was the usual passenger for hire, and that he started with her to her home. There is dispute in the evidence as to whether the driver took appellee from the business district at the corner of St. Louis and Collinsville avenues, or whether he received her as a passenger at a tavern located at 1300 North 52nd street. There is nothing following in the record which appears to us to make it material where he received his passenger. At any rate he started home with her, the home being apparently some distance from where he received her. As the driver turned from Casey avenue to the left on Fortieth avenue, the car door came open and appellee fell out on the street and received severe injuries.

Suit was afterwards brought against appellants for damages because of the injuries received by appellee, on the theory of the negligence of appellants or their servants.

The original complaint was filed April 23, 1935, and contains a general charge of negligence and a specific charge that the defendants negligently and improperly equipped the cab in question with unsafe and insecure door latches, or permitted said door latches to become defective, broken and unsafe.

The appellants answered denying these charges, and further setting forth that appellee's fall from the cab was due to her own negligence.

The cause was tried in the city court on June 4, 1935. At the close of plaintiff's evidence defendants presented the usual motion for directed verdict accompanied by written instruction. A similar motion was filed at the close of all the evidence, and ruling was reserved thereon. The case was submitted to the jury on the original complaint. Afterwards, and before judgment, on August 22, 1935, appellee, having obtained leave of court, filed three additional counts. In the first of these she charged that defendants carelessly, negligently and improperly maintained and equipped the taxicab in which she was riding; that by reason thereof plaintiff was caused to be thrown out of said taxicab to the street. In the second of the additional counts she charged that defendants negligently and improperly caused the taxicab to be equipped with unsafe and insecure door latches, or permitted the same to become defective, broken and unsafe, and that by reason thereof the door next to where plaintiff was seated became unlatched and unsafe, flew open and plaintiff was caused to be thrown upon the street. The third additional count charged a contract on part of defendants safely to carry appellee, and a breach of said contract.

As to the first of these additional counts defendants denied the allegations and pleaded that there was no duty owed by the defendants to exercise the highest degree of care in the repair of the taxicab. Defendants denied each and every allegation of the second additional count. As to the third additional count they denied the allegations and further answered that the only duty or liability assumed by the defendants as a result of plaintiff becoming a passenger in the taxicab was the usual and ordinary liability and duty imposed by law not wilfully or negligently to injure the plaintiff.

Upon the trial of the cause the jury found the defendants guilty and assessed plaintiff's damages at $2,500. The court after consideration denied the motions for peremptory instruction, the motion for judgment notwithstanding verdict, the motion for a new trial and entered judgment on the verdict. It is to reverse this judgment that this appeal is prosecuted.

This record discloses that there was nothing in any way unusual about the working, the handling or the driving of this taxicab. It further discloses that appellee was doing what an ordinarily prudent person would have done under the same or similar circumstances. There is no proof of negligence on the part of appellants; there is no proof of contributory negligence on the part of appellee. This judgment must stand or fall on the theory of *res ipsa loquitur*.

When a thing which caused an injury is shown to be under the management of the party charged with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from want of proper care. (*Feldman v. Chicago Rys. Co.*, 289 Ill. 25, at p. 34; *Chicago Union Traction Co. v. Giese*, 229

Ill. 260, at p. 264; *Chicago City Ry. Co. v. Barker*, 209 Ill. 321, at p. 326; *North Chicago Street Ry. Co. v. Cotton*, 140 Ill. 486, at p. 495; *Chicago Union Traction Co. v. Newmiller*, 215 Ill. 383, at p. 386; *Kiewert v. Balaban & Katz Corp.*, 251 Ill. App. 342, at p. 349; *Drake Standard Machine Works v. Brossman*, 135 Ill. App. 209.)

The doctrine of *res ipsa loquitur* is a doctrine creating a presumption of negligence, but such presumption is not of itself evidence and yields to contrary proof, and if proof is produced rebutting the presumption, or when surrounding circumstances leave room for a different presumption, the reason for the rule fails and the presumption vanishes entirely. (*Bollenbach v. Bloomenthal*, 341 Ill. 539; *Herbst v. Levy*, 279 Ill. App. 353, 361; *Letush v. New York Cent. R. Co.*, 267 Ill. App. 526; *Kraus v. Becker, Ryan & Co.*, 265 Ill. App. 525.)

We do not regard these authorities as in anywise inconsistent. Whether you call it evidence, or the creation of a presumption, is of little importance. We think that when the maxim applies at all it creates a presumption which the defendant must explain or overcome, not by proof of the weight required to establish a fact in the first instance, but by proof which shows that the surrounding circumstances leave room for a different presumption. *Herbst v. Levy*, 279 Ill. App. 353. This state of the law applied to a given case at once raises the question of weight of the evidence. Whether the presumption arising from the maxim has been overcome, or successfully rebutted is a question of fact. *Chicago City Ry. Co. v. Barker*, 209 Ill. 321. We see no difference arising from a case made by the application of the maxim and a prima facie case made by any other kind of evidence. Either must be met by evidence or the plaintiff prevails. Whether the maxim of *res ipsa loquitur* applies in a given case is a question of law, but whether the pre-

sumption arising when the maxim has been applied has been overcome by proof is a question of fact. The finding of that fact is for the jury. *Chicago Union Traction Co. v. Newmiller,* 215 Ill. 383; *New York, C. & St. L. R. Co. v. Blumenthal,* 160 Ill. 40. In this case the appellants owed to the appellee the highest degree of care. This is conceded by appellants but they claim that that rule does not go to the maintenance of the equipment. We cannot agree with that contention. It would be a strange doctrine that would require a party placed as appellants were to use the highest degree of care in the handling of its equipment, but would say to them, "You may use any kind of equipment, regardless of its condition as to safety." We think that the duty which devolved upon appellants to exercise the highest degree of care for the safety of their passenger extended to the equipment wherewith they were to transport her. *Chicago & Alton R. Co. v. Dumser,* 161 Ill. 190; *New York, C. & St. L. R. Co. v. Blumenthal,* 160 Ill. 40.

Applying the definition above given by our courts to the maxim of *res ipsa loquitur* we find that appellants were in sole charge of the instrumentality which caused the injury. We find a thing happening which will not happen if those who have the management of the equipment use proper care, particularly the highest degree of care. This state of facts, together with the circumstances of the injury seem to us to. justify the application of the maxim. This is not because an injury occurred but because it occurred under the circumstances under which it did occur. It is urged that to say what caused the injury in this case is speculative. In a sense all causes of injuries to which the maxim is applied are speculative. It is never known just what causes the injury. If it could be ascertained by investigation, there would be no need of the maxim. The courts have established the above rule and have

applied it to carriers of passengers. We are unable to say that it does not apply in this case. The first count in the declaration herein is a count of general negligence. To such counts the maxim may be applied. It follows that in our judgment the trial court properly submitted this cause to the jury to determine whether the presumption had been overcome by appellants. It was not error to deny the motions for directed verdict and for judgment *non obstante veredicto*.

Complaint is made of the following given instruction:

"The Court instructs you that it was the duty of the defendants in the operation and maintenance of the taxi-cab mentioned in this case to use the highest degree of care and caution in the maintenance, operation and control of said taxi-cab, consistent with the practical operation thereof and so as to provide for the safety of passengers while being transported in said taxi-cab, and if you believe from a preponderance of all the evidence in this case that on the date in question plaintiff became a passenger in the taxi-cab of the defendants and that she was in the exercise of ordinary care and caution for her own safety and that while riding in said taxi-cab as aforesaid she was thrown out thereof and onto the hard surface of Fortieth Street and was thereby injured and that the defendants could have avoided such injury to the plaintiff by the exercise of the highest degree of care consistent with the practical maintenance and operation of said taxi-cab, then you should find the defendants guilty."

This instruction with the exception of the reference to the maintenance of the equipment was approved in *Hatcher v. Quincy Horse Ry. & Carrying Co.*, 272 Ill. 347, and in other cases by our Supreme and Appellate Courts and inasmuch as we have held that the "highest degree of care" extends to the maintenance of

equipment used, we do not regard this instruction as subject to the criticism made of it.

The suggestions of appellants, the refusal of which appellants complain, were substantially covered in the charge and error was not, therefore, committed by their refusal. *Gamble v. Hayes Transfer & Storage Co.,* 278 Ill. App. 365. We find no error which warrants a reversal of this case. The judgment is affirmed.

*Judgment affirmed.*