**F & N TAXI et al.   v.   HAYNES et al.**

No. 12582.

Court of Civil Appeals of Texas.

Galveston.

Oct. 29, 1953.

Rehearing Denied Nov. 19, 1953.

Kemper & Wilson and T. M. Kemper, Houston, for appellants.

Hill, Brown, Kronzer & Abraham, Frank T. Abraham and Curtiss Brown, Houston, for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 129th District Court of Harris County, Honorable Dan W. Jackson presiding, entered upon a jury's verdict in response to special issues of fact submitted to it, awarding the appellee $1,000 damages suffered by his four year old minor son, Roderick Lynn Haynes, as the result of his having fallen out of the right rear door of a taxicab, then being operated by the appellants upon the streets of Houston.  In this Court appellant presents ·four points of claimed error of considerable length, the first two complaining of the court's alleged error in not instructing a verdict in his favor upon the claimed ground that there was no evidence offered to, or received by the jury, raising any issue of actionable negligence on the part of the appellant, or that of the driver of his taxicab, out of which the child fell.

The third and fourth points, likewise at much length, contend that the court erred in overruling the appellant's motion for judgment in his favor, notwithstanding the verdict of the jury in response to the issues so submitted to it by the court, and especially notwithstanding certain specified findings of the jury in such verdict.

Oral argument before this Court was waived by the parties, and the appeal was submitted upon the briefs and written arguments of both, with which this Court has been favored.

Upon examination of the extended record brought here, it is disclosed that while, as recited, the cause was tried below upon special issues of fact, in which the trial

court submitted 27 greatly detailed inquiries, in effect practically cross-examining the jury on all the controlling features of the controversy, the appellant not only filed no motion for a new trial below, but, as is disclosed in a supplemental transcript brought here, he not only elected not to file a motion for a new trial, but refused to accept one when the trial court offered him one upon its own motion.

In these rather unusual circumstances, the appellee, in response thereto, invokes the application of Rule 324, Texas Rules of Civil Procedure, which in substance is this:

"It is the object of this rule to require a motion for new trial to be filed as *a prerequisite to an appeal in all cases* unless the case is tried before the court without a jury, or a peremptory instruction is given in the case, or the appeal is based upon some error arising after the action of the trial court upon the motion for new trial, or unless there is not full five days' time from the rendition of the judgment to the adjournment of the court for the term." (Emphasis supplied.)

None of the exceptions specified in the quoted rule were present in this instance.

This Court is in no position, therefore, to conclude, or hold, that there was no evidence raising the issues of liability upon the facts so inquired about in great detail by the trial court; the jury in effect found that the occurrence or accident declared upon by the appellee occurred on January 29th, of 1949, and had been due to the failure of the agents, servants, or employees of the appellant in charge of the operation of the taxicab to exercise the degree of care that would have been exercised by a very cautious, prudent, and competent person, under the same or similar circumstances, and that such failure was the proximate cause of the accident.

■ Under the rule announced in International Great Northern R. Co. v. Lucas, 128 Tex. 480, 99 S.W.2d 297, liability of the appellant was properly assessable in such circumstances.

While appellant did not, in the situation so given, file a motion for a new trial, and indeed, as also indicated, declined the trial court's offer of a new trial to him, he did present to the trial court a motion for judgment in his favor notwithstanding the verdict, which the court refused. This reduces him to the contention in this Court that there is no evidence as a matter of law raising the questions of negligence on the part of the cab driver, or appellant as the owner of the taxicab, and hence none which justified or authorized the submission of the extended inquiries on the facts so submitted by the court to the jury.

■ This position is overruled, and the authorities appellant offers in his brief in support thereof are held to be inapplicable to the facts so held to have controlled this case and to have been so found by the jury in its verdict. From a survey of that situation, as a whole, it is clear to this Court that the trial court's conception of the reaches of the cause was properly submitted to the jury, and that its verdict was fully sustained by the testimony heard. In such a situation the rule of law in Texas is that the evidence must be viewed in the light most favorable to the appellee. Felder v. Houston Transit Co., Tex.Civ.App., 203 S.W.2d 821, affirmed by the Supreme Court, 146 Tex. 428, 208 S.W.2d 880.

Furthermore, and finally, it is also held that the established rule of evidence designated by the Latin, res ipsa loquitur, is in point and is justifiably applied to the clear-cut state of facts affecting the happening of the accident in this case; and when that is done, there no doubt remains a sufficiency of the evidence to sustain the verdict and the judgment based thereon. The facts showed that this very small minor plaintiff and his entire family entered this public bus tendered them by the appellant through its left door, none of them having had occasion to enter through, open, close, or touch, the right door it had to it; further, that after the child entered the taxi he did not open the door nor touch the door-handle, but that, suddenly and without warning, the door came open, throwing him to the street

through the other door, the right one, and causing the injury, for which the jury's verdict of $1,000 as damages was rendered. Roberts v. Economy Cabs, Inc., 285 Ill.App. 424, 2 N.E.2d 128; Honea v. Coca Cola Bottling Co., 143 Tex. 272, 183 S.W.2d 968, 160 A.L.R. 1445; McKnight v. Red Cab Co., 319 Mass. 64, 64 N.E.2d 433.

None of the contrary authorities cited by the appellant in his brief are thought to be applicable to this controversy, since they do not rest upon the legal equivalent of the same state of facts. Further discussion is deemed unnecessary, since these conclusions require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.